MUNCIE AND PORTLAND TRACTION COMPANY *v.* SHEFFER.

[No. 9,719.   Filed February 14, 1919.]

1. STREET RAILROADS.—*Crossing Accidents.—Action.—Complaint.— Sufficiency.*—In an action against a street railroad company for injuries sustained when a buggy in which plaintiff was riding was struck by defendant's car at a street crossing, a complaint alleging that as the car approached the crossing it was carelessly and negligently operated at a speed of thirty-five to forty miles an hour in violation of a town ordinance which had been accepted by defendant as a part of its franchise, that the approach of the car to the crossing was obscured by buildings and trees, and no warning signal was given by sounding the gong or blowing the whistle, and that plaintiff's injuries were proximately caused by the negligent acts of defendant's employes in running the car at a high and dangerous rate of speed in violation of the ordinance, and in negligently failing to give any warning, etc., is good as against demurrer.   p. 397.

2. STREET RAILROADS. — *Crossing Accidents. — Action. — Verdict.— Answers to Interrogatories.*—In an action against a street railroad company for injuries sustained by plaintiff when a buggy in which he was riding was struck by defendant's car at a street crossing, answers to interrogatories showing that plaintiff did not look, listen, or check the speed of his horse as he approached the crossing, were not sufficient to overthrow the general verdict in his favor, when considered with other answers showing that plaintiff did not see or hear the car and with the general verdict which was a finding that he was in the exercise of due care. p. 398.

3. STREET RAILROADS.—*Crossing Accidents.—Action.—Instructions.—Applicability.—Last Clear Chance Doctrine.*—In an action against a street railroad company for injuries sustained by plaintiff in a collision with defendant's car at a street intersection, an instruction submitting the last clear chance doctrine was not warranted by the evidence where the uncontradicted testimony showed that when the motorman first saw plaintiff he was not in a place of danger, being in the street about twenty feet from the track, and there was no evidence in the record showing that the car could have been stopped in time to have avoided the collision after plaintiff was first seen. p. 398.

4. STREET RAILROADS.—*Crossing Accidents.—Action.—Contributory Negligence.—Last Clear Chance Doctrine.*—In an action against a street railroad company for injuries sustained in a crossing collision, the last clear chance doctrine is inapplicable unless defendant's opportunity of preventing the injury by the exercise of due care was later in point of time than that of plaintiff. p. 401.

5. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions which were applicable to the facts of the case and were correct statements of the law, and which were not covered by others given, was error. p. 402.

From Jay Circuit Court; *Jacob F. Denney,* Judge.

Action by Elmer Sheffer, by his next friend, against the Muncie and Portland Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. A. Van Osdol, John M. Smith* and *Warner & Warner,* for appellant.

*James R. Fleming* and *Malcom V. Skinner,* for appellee.

ENLOE, J.—This action was brought by appellee, by next friend, against the appellant to recover damages for injuries sustained when a buggy in which he was riding was struck by one of appellant's cars, at the crossing of Main and Oak streets, in the town of Redkey, Indiana, on the evening of October 31, 1914, and whereby appellee alleged he received permanent bodily injuries.

The errors assigned by appellant are: (1) Error of court in overruling demurrer to complaint. (2) Error of court in overruling appellant's motion for judgment in its favor, upon answers to interrogatories, notwithstanding the general verdict. (3) Error in overruling appellant's motion for a new trial.

The complaint alleges in substance: That the track of appellant is in the center of Main street, in the town of Redkey; that Oak street in said town

1. crosses Main street at right angles; that appellee was driving north in Oak street and undertook to cross Main street; that one of appellant's cars coming from the west, and which was carelessly and negligently being then and there run and operated, at a speed of thirty-five to forty miles per hour, struck the buggy in which appellee was then and there riding, as the same was crossing the tracks of appellant, at said Oak street, and by reason thereof the appellee was thereby thrown, hurled and dragged a distance of about seventy-five feet; that no signal was given of the approach of said car to said crossing, by sounding gong, or blowing whistle; that the approach of said car was obscured by buildings and trees, on the west side of Oak street; that said car was running in violation of an ordinance of the town of Redkey, limiting the speed of cars in residence sections of said town · twenty miles per hour, which said ordinance had been accepted by the appellant, as a part of its francse, to lay its tracks and operate its cars over, along and upon the streets of said town; that appellee's injuries were proximately caused by the negligent acts of the agents and employes of appellant in carelessly and negligently running and operating said interurban car at a high and dangerous rate of speed ·

in violation of said ordinance, and in negligently failing to give any warning, by signal, of the approach of said car to said crossing.

This complaint, we think, is good as against the demurrer.

Appellant next insists that the trial court erred in overruling its motion for judgment in its favor upon the answers to interrogatories. While it is 2. true that the jury found that the appellee did not look, listen, or check the speed of his horse, as he approached the crossing where the injury occurred, yet they found that he did not se or hear the car in question, and by their general verdict find that he was in the exercise of due care, at the time, taking into consideration all the surroundigs, and his knowledge thereof, and we cannot say tat there is such an irreconcilable conflict between the answers and the general verdict that the latter should be overthrown thereby.

Appellant next urges that the court erred i giving to the jury instruction No. 10 of the instructios given by the court to the jury of its own aotion. 3. This instruction was as follows: Insuction No. 10. "The court instructs you tat the plaintiff may recover damages for an injury aused by a defendant's negligence, notwithstanding plaintiff's own negligence exposed him to the risk of injury, if such injury was more immediately caud by defendant's omission after becoming aware of laintiff's danger, to use ordinary care for the purpe of avoiding injury to him. And, in this case, if you hall find from the evidence that the defendant's motman in charge of defendant's car saw the plaintiff in eril and great danger on the defendant's track ahe of

said car at Oak street crossing in time for him to have prevented injury to plaintiff, and after seeing his peril failed to exercise ordinary care under the circumstances to avoid injuring the plaintiff, and the plaintiff thereby received injuries as to the proximate result of said want of care on the part of the defendant, then the plaintiff would be entitled to recover, notwithstanding the plaintiff's want of ordinary care brought him into such position of peril.''

That the instructions should always be confined to the case made by the pleadings, and the evidence in the case is fundamental. The language of the complaint is that appellee was "thrown, hurled, and dragged'' a distance of about seventy-five feet. According to the testimony of appellee, and also the party who was riding with him in the buggy at the time the buggy was struck, neither of them saw the car approaching them; they knew nothing of the impending collision. They were driving north in a one-horse buggy with the top down and laid back flat. They were, according to their own and other testimony driving at a speed of about eight miles per hour neither looking nor listening for any car. They seem to have been entirely oblivious to any danger, and when the buggy got fairly on the track, it was struck by appellant's car. There is not even a suggestion that the motorman in charge of appellant's car saw them in time to have stopped or so checked the car as to have avoided the accident. The only testimony on this point is that of the motorman, Thomas, who said that he first observed the buggy when it was at the south side of Main street and when his car was about twenty feet west of the center of the crossing of Main and Oak streets; that they were

driving fast; that he at once set the emergency brakes and reversed the current, before striking the buggy. There is no evidence of any dragging of either of the persons in the buggy. The appellee was, immediately after the accident, found about thirty-five feet from the point where the buggy was struck, lying in the side ditch of the street, his head against the curb, on the north side of Main street.

Counsel for appellee insist there is proper evidence in the record, to which this instruction was directed, and upon which it could be founded, and cits the testimony of E. C. Furry. Mr. Furry was asked the question as to the distance within which a car over the track in question, running eight miles per hour, could be stopped by applying the emergency brakes, and he answered, "A car's length or less." He was also asked the same question as to a car running at a speed of fifteen miles per hour, and he replied "Possibly a hundred and twenty-five feet." He was then asked the same question, placing the speed of the car at thirty-five miles per hour, and he answered, "About three hundred; less than that."

The evident purpose of all this testimony as to assist the jury in determining whether the car in question was running at a rate of speed prohibited by ordinance, as there was already testimony in the record as to the distance the car ran after striking the buggy in question, and for this purpose was entirely competent and proper; but as the only evidence in the record shows that the car, at the time the plaintiff was first seen by the motorman, was only twenty feet from the place where the buggy was struck, and there is no evidence in the record even tending to show that the car could have been stopped

within that distance, and the collision avoided, we think there is such an entire absence of evidence to show any negligence upon the part of the motorman in failing to stop the car, after he discovered the plaintiff, as to afford no foundation for the instruction complained of. Again, under all the evidence in the case, at the time the motorman first saw plaintiff and his companion, on the occasion in question, they were not then *in* a place of danger. They were in the street, and about twenty feet away from the railroad track.

If it be conceded that the language of the complaint in this case is broad enough to admit evidence tending to show facts to which the instruction in question is applicable, yet, we must keep in mind the rule as stated by this court in *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091: "The doctrine of last clear chance applies to cases only, where the defendant's opportunity of preventing the injury by the exercise of due care, was later in point of time than that of the plaintiff." * * *

"To entitle him to recover, notwithstanding his want of care, it must appear that prior to his injury, the company owed him a special and particular duty, the violation of which can be treated as the sole proximate cause of the injury. * * * The particular situation of the parties prior to the injury must be such as to give rise to this special duty to the particular person injured, some appreciable time before the injury occurs. * * * From the time the emergency arises until the injury occurs, the motorman must use every reasonable means to prevent the threatened injury. * * * The rule cannot be ap-

plied to every case in which it appears that an injury has been inflicted on the plaintiff or his property by a collision with an agency under the control of the defendant; but only in such of those cases as are brought within the operation of the rule by the facts disclosed by the evidence. Where the evidence in the case tends to show that the situation of the parties just prior to the injury was such that the defendant, by the exercise of due care, could have prevented it and that the plaintiff could not, then the rule becomes applicable. If, however, the undisputed evidence shows that the opportunity of the plaintiff, to avoid the injury, was as late or later than that of the defendant, the rule can have no application and the court should refuse to instruct upon the doctrine under consideration.''

Appellant next complains of the action of the trial court in refusing to give instruction No. 29 of those tendered by appellant. This charge relates to

5. the duties of a person about to cross a railroad track, as to looking, listening, and the speed at which he approaches said crossing; it was not fully covered by other instructions given, was applicable to the facts of the case, viewed from the standpoint of appellant, and it was error for the court to refuse to give it.

Instruction No. 26, tendered and requested by appellant, was a correct statement of the law, not fully covered by other instructions given, and applicable to the evidence offered, and the theory of the defense made by appellant and should have been given.

The judgment is therefore reversed, with directions to sustain appellant's motion for a new trial.