## BARR *v.* BENNINGTON.
[No. 26,075.   Filed October 30, 1934.]

*Padgett & Rogers, James A. Jones,* and *Embree & Baltzell,* for appellants.

*Allen, Hastings & Allen,* for appellees.

ROLL, J.—This is a proceeding, instituted by petition in the Daviess circuit court under the provision of §9573 et seq., Burns 1926, §27-801, Burns 1933, §10210, Baldwin's 1934, Acts 1907, p. 404, and acts amendatory thereof and supplemental thereto, praying for the construction of a levee in Daviess county.

In due course the matter was referred to commissioners, who, on September 2nd, made and filed their amended final report in said matter. Appellants herein filed remonstrances to the amended final report, opposing the proceedings as a whole, questioning the amount of benefits and damages, and seeking damages in certain instances where none were awarded. There was a

trial upon the issues thus joined, which resulted in the establishment of the work, in adjusting awards of benefits and damages. From this judgment appellants prosecute this appeal.

The remonstrances filed by appellants involve the first nine of the statutory grounds of remonstrances as set out in §9575, Burns 1926, §27-803, Burns 1933, §10212, Baldwin's 1934. There was a special finding of facts and conclusions of law. Appellants and each of them excepted to each conclusion of law, and filed a motion for a new trial which was overruled by the court.

The questions involved in this appeal arise upon the exceptions to the conclusions of law, the overruling of appellants' motion for a new trial, and upon a reserved question of law. The only question thus presented is the correctness of the court's ruling in admitting in evidence petitioners' exhibit No. 1, being the amended final report of the commissioners, filed September 2, 1929, over the objection of appellants.

If the amended final report of the commissioners was competent evidence to be introduced in support of the issues raised, the judgment below should be affirmed, otherwise it must be reversed.

The issues raised by the several remonstrances were issues of facts, such as the cost, damages, and expenses of the proposed levee, the location and the method of the work, etc., and should be proven as other facts are proven in any case that involve questions of fact. The report of the commissioners was but the embodiment of the conclusions at which they had arrived. That is their duty under the statute. It was the province of the judge in trying the case to determine the questions of fact involved from competent evidence introduced and not from the conclusions of the commissioners upon the same question.

The amended final report of the commissioners was

one of the papers in the case upon which the trial was founded; it was not an instrument of evidence in its own support; it is no different from any other pleading; it, together with the petition, constituted plaintiffs' complaint, and the remonstrance, the defendant's answer, and upon the issues thus joined the case is tried. *Trittipo v. Beaver* (1900), 155 Ind. 652, 58 N. E. 1034.

In the case of *Bohr v. Neuenschwander* (1889), 120 Ind. 449, 457, 22 N. E. 416, a very similar question was presented. In that case they sought to establish a drain, and the court permitted the petitioners to introduce in evidence the report of the commissioners. The court said upon this subject the following:

> "It is true, as contended by counsel for the appellee, that the report was before the court as a paper in the case, but it was not before it as a piece of evidence in the case. In determining the questions at issue the court could not consider the report as evidence, unless introduced in evidence, any more than it could consider the statements found in any pleading or paper relating to the issues of any case which might come before it for trial. But when introduced in evidence it was before the court for consideration with other evidence in the case. When the court overruled the appellant's objection, and allowed the commissioners' report to be read in evidence, this was a decision that it was competent evidence; and if competent evidence, when the court came to make up its finding it was its duty to consider it and weigh it as a part of the evidence in the case, and we must presume that it did so weigh and consider it.
>
> "We can see no distinction in principle between the introduction of the report in this case from that of viewers in proceedings to establish a highway appealed from the board of commissioners to the circuit court, or the report of the appraisers where there has been an appeal to the circuit court from the board of commissioners in a proceeding to establish a ditch or drain. In either case the report is not competent evidence. The commissions, appraisers, or viewers are competent witnesses, and may give original testimony."

That the report of the commissioners is not competent evidence (unless made so by statute) seems so well settled in this state that it is not now subject to controversy. *Chandler et al.* v. *Beall et al.* (1892), 132 Ind. 596, 32 N. E. 597; *Coyner* v. *Boyd et al.* (1876), 55 Ind. 166. Appellees contend that even though the amended final report was not competent evidence, appellants were not harmed thereby.

As was said in the case of *Bohr* v. *Neuenschwander, supra,*

"When the court overruled the appellant's objection, and allowed the commissioners' report to be read in evidence, this was a decision that it was competent evidence; and if competent evidence, when the court came to make up its finding it was its duty to consider it and weigh it as a part of the evidence in the case, and we must presume that it did so weigh and consider it.

In this case we are not left to a presumption that the court did consider the report of the commissioners, in making his special findings for he states in the bill of exceptions in substance that special findings Nos. 11, 12, 22, and 23 have no support whatever except from petitioners exhibit No. 1, which was the amended final report of the commissioners. Finding No. 11, finds that certain highways were benefited in certain amounts by the construction of the proposed levee and No. 12 finds the total benefits to the public highways affected by the proposed work to be $115,850.00. As to finding No. 11, the court stated:

"Petitioners' exhibit No. 1 hereinabove set forth, is the only evidence on the subject of the benefits to said highways, and the only evidence on the subject of the amount of such benefits."

Special findings Nos. 22 and 23 are as follows:

No. 22. "That the total costs and expenses of the proposed levee will be $350,185.96."
No. 23. "That the benefits accruing to the

owners of lands to be benefited by the proposed work will be greater than the costs, damages and expenses of the proposed levee."

As to special finding No. 22, the court states:

"And that petitioners' exhibit No. 1, hereinbefore set forth, is the only evidence of the total costs and expenses of the proposed levee, other than the item of damages to lands affected thereby."

As to finding No. 23, the court said:

"And that petitioners' exhibit No. 1, hereinabove set forth, is the only evidence of the total costs, and is the only evidence of the total expenses, or the proposed levee."

The above findings were material to the establishing the proposed work, and the remonstrances filed herein by appellant put in issue the cost of the proposed levee, and in the absense of the objected evidence the court would have been without proof of the facts upon which these findings were based.

It is our judgment that it was error to admit petitioners' exhibit No. 1 in evidence and that it was harmful to appellants, and for this reason the cause should be reversed.

Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.