### SMITH *v.* STATE OF INDIANA.

[No. 27,043. Filed March 6, 1939.]

*Eugene H. Yergin,* for appellant.

*Omer· S. Jackson,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

TREMAIN, C. J.—This is an appeal by the appellant from a conviction of murder in the second degree. He was charged by grand jury indictment will killing one Bertram Soini. Judgment was rendered upon the verdict. Appellant filed a motion for a new trial, assigning 36 separate grounds therefor. The motion was overruled, an appeal was prayed, and the record filed in the clerk's office of this court.

The attorney general has moved to dismiss the appeal upon the ground that the appellant did not perfect the appeal within 60 days after serving notice of the appeal on the prosecuting attorney, citing the statute and several decisions of this court to sustain his proposition. The statute cited, section 9-2308 Burns' Ind. St. 1933, section 2372 Baldwin's Ind. St. 1934, provides:

> "All appeals must be taken within one hundred and eighty (180) days after the judgment is rendered, or in case a motion for a new trial is filed, within one hundred and eighty (180) days after the ruling on such motion. The transcript must be filed within sixty (60) days after the appeal is taken."

Section 9-2310 Burns' Ind. St. 1933, section 2374

Baldwin's Ind. St. 1934, provides for notice and filing of the record in the office of the clerk.

Evidently the attorney-general has overlooked the provisions of the rules of this court adopted June 21, 1937. Rule 1 provides:

> "Appeals from final judgments in all civil and criminal cases in which the final judgment is entered or a motion for a new trial is ruled upon subsequent to the thirty-first day of August, 1937, must be taken within 90 days of the date of the judgment or the ruling on the motion for a new trial."

Rule 3 provides:

> "If notice of an appeal not taken in term shall be given below, it shall be sufficient notice if the transcript is filed in the office of the clerk within the time provided for taking appeals under Rule 1."

These rules supersede sections 9-2308 and 9-2310 (§§2372 and 2374), *supra*, by reducing the time of taking an appeal from 180 days to 90 days, and provide for but one notice which shall be sufficient if the appeal is "taken within 90 days of the date of the judgment or the ruling on the motion for a new trial."

In this case the record shows that notice of the appeal was acknowledged by the prosecuting attorney on December 3, 1937, and the transcript was filed with the clerk of the Supreme Court on February 26, 1938, 85 days after the service of notice. The 60-day provision of the old statute does not now control. So long as a notice has been given by the appellant and the transcript filed in the office of the clerk within 90 days from the date of judgment or the ruling on a motion for a new trial, it will be sufficient. The record in this case discloses that the motion for a new trial was overruled December 1, 1937, 87 days before the record was filed in this court. This was suffi-

cient. The motion to dismiss the appeal was heretofore properly denied.

The only error relied upon for reversal is the overruling of the appellant's motion for a new trial. The motion for a new trial, the ruling of the court thereon, and exceptions thereto are not filed as a part of the original record, but are contained in and made a part of the bill of exceptions. The attorney general asked that the appeal be dismissed for this reason. It is a well-settled rule of this court that the motion for a new trial, rulings thereon, exceptions thereto, and record entries relating to the filing are a part of the record without a bill of exceptions, and if copied in the bill of exceptions only and not certified as a part of the original record, must be disregarded on appeal. *Burch* v. *State* (1929), 201 Ind. 365, 168 N. E. 460, and cases there cited.

Even if the motion for a new trial and the ruling thereon had been contained in the transcript as required by law, still the appellant has failed to present any question. The appellant's brief under the title "Propositions and Authorities" reads as follows:

"Proposition one. The court erred in overruling appellant's motion for a new trial. . . .
"Said propositions are hereby set out in the number as they appeared in the motion for a new trial."

This statement is followed by the same 36 propositions or statements contained in the motion for new trial. To illustrate, the first ground for a motion for a new trial, which is the first proposition stated by appellant, is as follows:

"Error of law occurring at the trial in this to wit: The court refused to permit the witness John Cummins to answer the following question: 'Did you have a conversation with the defendant Carson Smith Sunday morning on the 12th day of Sep-

tember, 1937,' which question was put to said witness, who was a witness for the State of Indiana, on cross-examination by defendant's counsel."

No point of law and no statement of any nature follows this proposition. There is nothing in the brief by way of points and authorities pertaining to a law question presented by that assignment. Under some of the grounds specified, assigned as cause for a new trial, authorities are cited without making a point to which the authorities are applicable. There has been no attempt upon the part of the appellant to comply with the sixth clause of Rule 18 of this court, which, among other things, provides:

"Each assignment shall be supported by separately numbered propositions concisely stated without argument, and separately numbered or lettered points and authorities. This shall be followed by an argument confined to a discussion elaborating the propositions, points and authorities in which the points and authorities shall be applied to the question sought to be presented."

There is a total failure to comply with this rule. In addition, it may be pointed out that in the argument not a single word appears as a discussion of any law question attempted to be presented. The argument is confined wholly to a discussion of the facts.

No question having been presented for the several reasons heretofore noted, the judgment of the lower court is affirmed.

Roll, J., absent.