HOLT *v.* BASORE

[No. 17,590. Filed March 17, 1948.]

*Clair McTurnan, John H. Baldwin* and *Albert W. Brayton III,* all of Indianapolis, attorneys for appellant.

*Louis Rosenberg and James M. Dawson,* both of Indianapolis, attorneys for appellee.

BOWEN, P. J.—This is an appeal from a judgment in an action for damages for alleged negligence of appellee in driving his automobile into appellant, a pedestrian, who was in the act of crossing a street.

Error is predicated upon the overruling of appellants' motion for a new trial, and alleged error of the court in granting appellee leave to amend his answer by interlineation setting up the defense of contributory negligence, at the conclusion of the evidence, and after the parties had rested and the witnesses had departed. The grounds of the motion for a new trial set forth that

there was an abuse of discretion in permitting the above amendment, and that the court erred in refusing to sustain appellant's motion to withdraw the case from the jury and to discharge the jury which motion was made after such amendment of answer.

Additional grounds of the motion for a new trial were that the court erred in refusing to give four separate instructions tendered by appellant, and in giving nineteen separate instructions on its own motion, and that the verdict is not sustained by sufficient evidence and is contrary to law.

Issues were joined on appellant's complaint in one paragraph, appellee's answer denying the allegation of each rhetorical paragraph, and the cause was tried to a jury.

The evidence was concluded and the parties rested and after the court had submitted a tenative and partial list of instructions to the parties for suggestions on the following day, the appellee filed his motion for leave to amend his answer by interlineation setting up the defense of contributory negligence which was sustained by the court. The jury returned a verdict for appellee and this appeal is prosecuted from the judgment on such verdict.

One of the questions presented by appellant's assignments of error is whether the trial court abused its discretion in permitting appellee to amend his answer at the conclusion of the evidence by interlineation setting forth the defense of contributory negligence. In presenting this question appellant assumes that contributory negligence must be specially pleaded in a personal injury case. This assumption is erroneous. The rule specifically provides that ". . . All defenses shall be provable under a specific denial or statement of no information, which were heretofore

available under an answer or reply in general denial . . ." Rule of Supreme Court, 1-3.

Prior to the adoption of this rule contributory negligence in personal injury actions was provable under the general denial. It, therefore, continues to be so provable.

Appellant points, however, to § 2-305, Burns' 1946 Replacement, Acts 1943, ch. 227, § 1, page 662, and insists that this Act governs. It is suggested on the other hand that this act in the point now under consideration applies only to those cases where actions for personal injuries and property damages are joined. It is not necessary for us to determine whether it so applies. It is sufficient to call attention to the fact that at the time of the enactment of this act the rule of the Supreme Court above referred to was in force. Any legislative enactment in conflict therewith would necessarily be ineffective. Both by virtue of statute (§ 2-4718, Burns' 1946 Replacement) and by reason of its inherent powers the superior authority for making rules of court practice lies in the Supreme Court. See Preface to Rules of Supreme Court adopted June 21, 1937.

Appellant asserts as error the court's refusal to give instruction No. 6 tendered by appellant which was as follows: "If the defendant was negligent as alleged in the complaint and such negligence was a proximate cause of alleged injury to the plaintiff, it would be immaterial whether plaintiff was or was not negligent or was or was not lawfully crossing the street."

Since, as we have held herein, the issue of contributory negligence was before the jury under the issues, the court properly refused such instruction.

For the same reasons the action of the court in giving instructions numbered 4, 19, 21, 22, 23, and 24 on its

own motion which submitted questions of contributory negligence to the jury, and assigned as error by appellant, was entirely properly under the issues.

The appellant also assigns as error in his motion for a new trial the refusal of the court to give instruction No. 3 requested by appellant. This instruction reads as follows:

"A driver of an automobile within an intersection for a left turn shall so turn that his automobile will be entirely to the right of the center of the highway which he is entering at the time he is entering it and if you find in this case that the defendant turned to the left off 22nd Street into Talbot Street, and in the course of making such turn, and upon entering Talbot Street, all or part of his automobile was to the left of the center of Talbot Street, then the driver would be violating the law of the State by so turning and such violation would constitute negligence if the plaintiff was thereby endangered."

This instruction correctly stated the law as to left turns by a driver entering an intersection. § 47-2020, Burns' 1940 Replacement.

The instruction was submitted by appellant on the theory of negligence set forth in his complaint. The complaint alleged that appellee "negligently, carelessly, and unlawfully swept, in making such turn, from the left of center of 22nd Street into Talbot Street at a point only four or five feet west of the southeast corner of said intersection and on the east side to the left of center of Talbot Street."

Also, there was evidence in the record to warrant such instruction and from which the jury might have properly and reasonably found that part of appellee's car at the time of the accident was to the left of the center line of the street into which he was entering.

This instruction was not covered by the other instructions given, and the request for it to be given was timely and properly made by appellant. It was clearly applicable to the alleged theory of negligence in appellant's complaint and to the evidence given at the trial. The appellant was, therefore, entitled to such instruction, and we must hold that the refusal to give this instruction constitutes reversible error. *Acme-Evans* v. *Schnepf* (1938), 105 Ind. App. 475, 15 N. E. 2d 742; *Muncie Traction Co.* v. *Sheffer* (1919), 69 Ind. App. 395, 122 N. E. 9.

In view of our conclusions reached herein, the questions presented by other assignments of error may not arise on a retrial of this cause, and after examination and thorough consideration of such assignments, we do not feel that we are warranted in unduly extending this opinion to discuss the same.

For the reasons given herein, the judgment of the lower court is reversed with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 77 N. E. 2d 903.