STATE EX REL. BLOOD ET AL. *v.* GIBSON CIRCUIT COURT ET AL.

[No. 29,734. Filed April 1, 1959. Rehearing denied May 6, 1959.]

*Emison & Emison,* of Vincennes and *McDonald & McDonald,* of Princeton, for relators.

*William T. Fitzgerald, Frederick P. Bamberger,* both of Evansville and *Carl Gray,* of Petersburg, for respondents.

BOBBITT, J.—Relators filed their verified petition for writ of mandate to require the Gibson Circuit Court and the Honorable Lester Nixon, as Special Judge thereof, to set aside an order granting a motion for a change of judge[1] in a certain cause entitled, "In Re: Petition of Stephen A. Blood, Jr., et al., for a Levee in Gibson and Posey Counties, Indiana," and pending in such court as Cause No. 9927, and to resume jurisdiction thereof. We issued an alternative writ.

The sole question presented is the validity of Rule 1-12B of this court, 1958 Revision.

Rule 1-12B, *supra,* provides in pertinent part, as follows:

"In all cases where the venue of a civil action may now be changed from the judge . . . such change shall be granted upon the filing of an unverified application or motion therefor by a party or his attorneys: . . . .

"In any action except criminal no change of judge . . . shall be granted except within the time herein provided. Any such application for change of judge . . . shall be filed not later than ten (10)

1. Relators, on October 22, 1958, filed their motion to reconsider the court's order granting a change of judge in compliance with Rule 2-35 of this court. Such motion was overruled on the day filed.

days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, . . . not later than ten (10) days after the party has knowledge the cause is ready to be set for trial."

Section 2 of ch. 223 of the Acts of 1907, as amended by Acts of 1947, ch. 249, §1, p. 1003, being §27-802, Burns' 1948 Replacement, provides, in pertinent part, as follows:

"At any time before the work is declared established and referred to a superintendent for construction, as provided in the next section, a change of venue may be taken from the judge by the petitioners or any of them, and one [1] by the remonstrants or any of them; . . ."

Respondents, in their return, assert (1) that Cause No. 9927, *supra,* is a special statutory proceeding for the construction of a levee, and that the right to a change from the judge, as provided in §27-802, *supra,* is a matter of substantive law which cannot be altered by a rule of this court and, therefore, the right to and manner of taking a change of judge, in a levee proceeding, is governed by statute and not by rule of court; and (2) that even if Rule 1-12B, *supra,* is controlling, the issues were not closed at the time remonstrators David M. Cooper and Zelia S. Taylor filed their motion for a change of judge because there was then pending a motion filed on July 18, 1958, by the petitioners to strike the remonstrances of such Cooper and Taylor, which remonstrances to the final report had been filed on June 27, 1958.

Relators assert (1) that Rule 1-12B, *supra,* supersedes the statutory provision for a change of judge; (2) that the issues were closed on September 1, 1958, when Rule 1-12B, *supra,* became effective; (3) that

the filing of their motion to strike did not reopen the issues; and (4) that because the motion for a change of judge was not filed within ten days after September 1, 1958, the remonstrators have waived their right thereto.

After the filing of the motion to strike the cause was then set for trial on December 4, 1958. Rule 1-12B, *supra,* became effective September 1, 1958.

*First*: We shall consider the force and effect of Rule 1-12B, *supra.*

If the statute fixing the time within which a motion for a change of judge must be filed is substantive law, then it supersedes Rule 1-12B, *supra,* but if such statute merely establishes a rule of procedure, then Rule 1-12B, *supra,* would supersede the statute.

A review of the judicial and legislative history of the State leads us to the conclusion that the power to make rules of procedure in Indiana is neither exclusively legislative nor judicial. See: Art. 7, §4, Constitution of Indiana. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443; *In re Petitions to Transfer Appeals* (1931), 202 Ind. 365, 174 N. E. 812; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; 1 Gavit, Ind. Pleading and Practice, §6, pp. 42-43.

> "In general terms substantive law can be defined as including that body of rules which regulates the conduct and relationship of members of society and the state itself as among themselves apart from the field of litigation and jurisdiction. In general form procedural law can be defined as that body of law regulating the conduct and relationship of individuals, courts, and officers in the course of judicial litigation." 1 Gavit, Ind. Pleading and Practice, §5, p. 11.

As a general rule laws which fix duties, establish rights and responsibilities among and for persons, natural or otherwise, are substantive in character, while those which merely prescribe the manner in which such rights and responsibilities may be exercised and enforced in a court are procedural.

The time, place and method of doing an act in court properly fall within the category of procedural rules and are appropriate subjects for such regulation. 41 Am. St. Rep. 639, Anno.

In our opinion the *right* to a change of judge granted by §27-802, *supra,* is a substantive right which can be conferred only by the Legislature, *but* the *method* and *time* of asserting such right are matters of procedure and fall within the category of procedural rules.

In order to remove any conflict which would inevitably result from both the Legislature and the Supreme Court promulgating rules of procedure, and to fix responsibility therefor exclusively in the Supreme Court, the Legislature enacted §1, ch. 91 of the Acts of 1937, being §2-4718, Burns' 1946 Replacement, which provides, in pertinent part, as follows:

"The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the Supreme Court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect."

By the enactment of this statute the Legislature surrendered and abandoned any rights it might have had

under Art. 7, §4, of the Constitution of Indiana, ▮ to impose "regulations and restrictions" upon the jurisdiction of the Supreme Court with respect to "rules of court which shall govern and control practice and procedure in all the courts of this state." Such statute also conferred upon the Supreme Court the power to adopt, amend and rescind rules of court governing and controlling practice and procedure in all courts of the State, and provided that after promulgation of such rules by this court "all laws in conflict therewith shall be of no further force or effect." *State ex rel. Cox* v. *Sup. Ct. of Marion Co. et al.* (1954), 233 Ind. 531, 533, 121 N. E. 2d 881. See also: *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180, 52 N. E. 803; *Epstein* v. *State* (1920), 190 Ind. 693, 696, 697, 127 N. E. 441, 128 N. E. 353; *Smith* v. *State* (1939), 215 Ind. 276, 278, 19 N. E. 2d 549; *Square D Company* v. *O'Neal* (1947), 225 Ind. 49, 52, 72 N. E. 2d 654; *Holt* v. *Basore* (1948), 118 Ind. App. 146, 148, 149, 77 N. E. 2d 903. Cf: *Solimeto* v. *State* (1919), 188 Ind. 170, 171, 122 N. E. 578.

Chief Justice Marshall, speaking for the Supreme Court of the United States, in *Wayman et al.* v. *Southard et al.* (1825), 10 Wheat. 1, 43, 23 U. S. 1, 6 L. Ed. 253, said:

> "The courts, for example, may make rules, directing the returning of writs and processes, the filing of declarations and other pleadings, and other things of the same description. It will not be contended that these things might not be done by the legislature, without the intervention of the courts; yet it is not alleged that the power may not be conferred on the judicial department."

In *Smith* v. *State, supra* (1939), 215 Ind. 276, 19 N. E. 2d 549, it was held that a rule of this court adopted June 21, 1937, and which provided that all "Appeals

from final judgments in all civil and criminal cases . . . must be taken within 90 days of the date of the judgment or the ruling on the motion for a new trial," superseded §9-2308, Burns' Ind. St. 1933, (Acts 1927, ch. 132, §16) which provided that "All appeals must be taken within one hundred and eighty (180) days after the judgment is rendered," or within one hundred and eighty (180) days after the ruling on the motion for a new trial.

It then would seem to follow logically that if this court can change the time for taking an appeal from that specifically provided by statute, it can also, under the same authority conferred upon it by §2-4718, *supra*, change the time for filing a motion for a change of judge in a levee proceeding.[2]

Since the fixing of the time within which a motion for a change of judge in a levee proceeding is a matter of procedural law, and since the Legislature has conferred upon this court the power and authority "to adopt, . . . rules of court which shall govern and control practice and procedure in all courts of this state," (Acts 1937, ch. 91, §1, p. 459,

---

2. The method to be followed and the time for filing the motion for a change of judge are controlled by rules of this court (Rule 1-12, 1-12A and 1-12B) while the right to such change is prescribed by statute in the following proceedings:

(1) In civil actions (general change of venue statute) Acts 1881 (Spec. Sess.), ch. 38, §255, p. 240, being §2-1401, Burns' 1946 Replacement;

(2) In cases not triable by jury, Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Replacement;

(3) In proceedings to suspend or dismiss firemen and policemen, Acts 1935, ch. 282, §1, p. 1395, being §48-6105, Burns' 1950 Replacement;

(4) In Marion Municipal Courts, Acts 1925, ch. 194, §16, p. 457, being §4-2516, Burns' 1946 Replacement;

(5) In new trial after reversal on appeal, Acts 1907, ch. 59, §1, p. 85, being §2-1404, Burns' 1946 Replacement;

(6) In the administration of decedents' estates, Acts 1935, ch. 71, §1, p. 199, being §2-1403, Burns' 1946 Replacement; and

(7) In appeals from City Councils or Boards, Acts 1933, ch. 245, §6, p. 1109, being §48-4506, Burns' 1950 Replacement.

being §2-4718, Burns' 1946 Replacement, *supra*), it must follow that Rule 1-12B, *supra*, supersedes the provisions of §27-802, *supra*, as they relate to the time for filing a motion for a change of judge.

> The method and time for filing a motion for a change of judge in the proceeding herein are, ■ therefore, governed by the provisions of Rule 1-12B, *supra*.

*Second*: It is conceded by all parties hereto that the petition for the construction of a levee and the report of the Commissioners constitute the complaint, ■ and that the remonstrances constitute the answer thereto, and upon the issues thus presented the cause is to be tried. *Barr* v. *Bennington* (1934), 207 Ind. 268, 269, 192 N. E. 441.

> Issue as here used is concisely defined in Works' Ind. Practice, Lowe's Rev., Vol. 3, §52.1, p. 239, ■ as "the point in dispute between the parties on which they put their cause to trial."

The remonstrances of David M. Cooper and Zelia S. Taylor, and with which we are here concerned, were filed on June 27, 1958, and the issues on the merits herein were then first closed on this date. Their motion for a change of judge was filed on September 29, 1958. This then presents the vital question: Did the filing on July 18, 1958, of petitioners-relators' "Motion to Strike" the remonstrances and intervening petitions of remonstrators Cooper and Taylor reopen the issues on the merits? Such motion, omitting the formal parts, is as follows:

> "Petitioners move to strike out each the pleadings designated 'Remonstrances' and intervening Petitions, signed: David M. Cooper and Zelia S. Taylor By William T. Fitzgerald for each the following reasons:

"1. Each said pleadings are not signed or sworn to by the owners of real estate therein described.

"2. Fred D. O'Rar who signed and swore to said pleadings was not then and is not now a licensed attorney of Indiana, and therefor is not authorized to appear, file remonstrance for or verify pleadings for intervenors David M. Cooper and Zelia S. Taylor.

"3. Said petitioners and remonstrators have never complied with Rule 1-18 Rules Supreme Court."

A motion to strike out a pleading ordinarily reaches formal defects only. *Ederer* v. *Froberg* (1945), 115 Ind. App. 414, 419, 59 N. E. 2d 595.

An examination of petitioners-relators' motion to strike convinces us that it unquestionably falls within the above rule. It is evident upon the face of the motion that it raises no question "on the merits" of the case, but simply attacks alleged formal defects in the remonstrances.

In *State ex rel. Janelle* v. *Lake Superior Court et al.* (1957), 237 Ind. 3, 143 N. E. 2d 288, at pp. 288, 289, which was an action to compel the respondent court to grant a change of venue from the county, this court recently said:

"An unverified motion is proper in civil causes under this rule, [Rule 1-12B] but it must be filed within ten days after the issues are first closed on the merits, unless a later time is proper as provided by the rule. *The rule was intended to prevent delay by reopening the issues and then filing a motion for change of venue.*" (Our italics.)

The record here compels us to hold that the filing of such motion to strike did not reopen the issues[3]

---

3. It would have been unnecessary to consider this question had Rule 1-12B been in effect at the time the remonstrances were filed.

on the merits when it was filed on July 18, 1958.[4] Hence, it must follow that the issues on the merits were closed on September 1, 1958, when Rule 1-12B, *supra*, became effective.[5] Therefore, the remonstrators Cooper and Taylor were required to file their motion for a change of judge within ten days from September 1, 1958. They have not shown cause for an extension of time by reason of obtaining knowledge of the cause for change after the time, as limited by the rule, had run. Having failed to do either, their right to a change of judge was waived.

For the reasons above stated the alternative writ heretofore issued is hereby made absolute.

Landis, C. J., Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 475.

---

4. The trial court evidently considered that the issues on the merits were not reopened by the filing of the motion to strike as evidenced by the fact that on the day such motion was filed he reassigned the cause of action for trial on December 4, 1958, at 9 A.M. The court announced that "the current plan is to try the case three days of each week, Thursday, Friday and Saturday, and to begin with the northernmost remonstrator." It then took under advisement, until July 25, 1958, at 2 P.M., petitioners-relators' motion to strike out the remonstrances of Cooper and Taylor and certain others not here involved. On July 25, 1958, argument was heard upon such motion, and the same was again taken under advisement until September 24, 1958, at 2 P.M. The record is silent on any further action on such motion.

5. It was the intent of the court that Rule 1-12B should apply to all cases pending in State Courts on September 1, 1958.