STATE OF INDIANA EX REL. UZELAC *v.*
LAKE CRIMINAL COURT, ETC.

[No. 30,881. Filed December 7, 1965.]

*Max Cohen*, of Gary, for relator.

*Henry S. Kowalczyk, Raymond C. Sufana* and *William A. Kowalski*, of Crown Point, for respondent.

PER CURIAM.—The relator was charged with the crime of murder in the respondent court and has filed a petition for a writ of prohibition claiming he is entitled to be discharged under Rule 1-4D which became effective July 1, 1965. He was arrested for the crime as a result of the filing of an affidavit in the respondent court on January 28, 1965 and indicted on May 12, 1965. The pertinent sections of this rule involved in this case are Sections 1 and 2, which read as follows:

"1. *Defendant in Jail.*—No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later) ; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last mentioned circumstances, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial,

or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.

"2. Defendant in Jail.—Motion for Early Trial.—If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty [50] judicial days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such fifty [50] judicial days because of the congestion of the court calendar: Provided, however, that in the last mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under paragraph one (1) of this rule."

Relator claims that the rule should be applied retroactively and to all criminal cases pending on July 1, 1965. Since he was initially detained in jail and charged by affidavit on January 28, 1965, he claims under Section 1 of the above rule he would be entitled to be discharged six months thereafter (July 28, 1965) unless brought to trial. The rule states it "shall be effective on and after July 1, 1965."

Relator further contends that after July 1, 1965 he made a demand (on August 5, 1965) for immediate trial and that he is now entitled to be discharged, since fifty judicial days had elapsed without a trial since the demand, as provided in Rule 1-4D. The respondent contends this period was interrupted by reason of an insanity inquest of defendant ordered by the respondent court. We need not, however, consider that point since it becomes moot in view of our interpretation of the effective application of the rule fixed by this opinion.

The respondents state that this Court is without authority to enact Rule 1-4D, since "it affects substantive rights" and is not procedural in effect; that the appropriate law, being Burns' Ind. Stat. Anno. § 2-4718 (1946 Repl.), delegates to the Supreme Court the power to make rules only of practice and procedure and that this Court,

although it has inherent power to make rules of practice and procedure, cannot enact substantive law.

We are unable to follow the respondents' contention in this respect. It is the Constitution which grants the "substantive right" to a trial "speedily, and without delay."

Indiana Constitution, Art. I, § 12.

The Supreme Court, by its Rule 1-4D, did not create the substantive right of a speedy and prompt trial; that right was given by the Constitution. The rule merely prescribed the procedure and method under which that right may be obtained in a judicial proceeding. For example, the constitutional rights to a trial by jury and to an appeal (to mention but a few such rights) are given by the Constitution to litigants and are not granted by this Court as a result of rules made fixing the time and procedure by which such rights are exercised in a uniform fashion in judicial proceedings. *State ex rel. Blood, et al.* v. *Gibson Circuit Court* (1959), 239 Ind. 394, 157 N. E. 2d 475; *Smith* v. *State* (1939), 215 Ind. 276, 19 N. E. 2d 549.

A general commentary on this point says:

> "The time, place, form, and mode of doing an act in court is, generally speaking, a proper subject of regulation by rules, and litigants may be required to comply with rules upon these subjects and, in default of such compliance, may be deemed to have waived their rights. Rules prescribing the time within which certain acts must be done or certain proceedings taken are very familiar and are absolutely indispensable to the prevention of the needless delays and to the orderly and speedy discharge of business." (Our italics) 14 Am. Jur., Courts, Sec. 153, p. 359; 1 Gavit, Ind. Pleading & Practice, Sec. 6, pp. 42-43; *Wayman et al.* v. *Southard et al.* (1825), 23 U. S. (10 Wheat.) 1, 6 L. Ed. 253.

The rule (1-4D) we have made certainly does not limit or impair the constitutional right to a speedy trial, but it does implement and aid in securing such a constitutional right in the trial court.

The Supreme Court of Indiana not only has the right, but the responsibility under the Constitution, to formulate rules

and regulations so that the constitutional rights of litigants may be fully recognized and applied in the administration of justice in the courts.

It may be said further that although the legislature has attempted to fix time limitations (based on terms of court) in aid of a speedy trial, still this Court is the final arbiter of the reasonableness of such time limitations in carrying out the constitutional provisions. The legislature may not fix an extraordinary length of time either too short or too long. On final analysis this Court has to determine whether a defendant has had his constitutional "speedy trial." This Court could arbitrarily refuse to make a rule outlining the reasonable time limitations for a speedy criminal trial and wait until the appropriate case arises for a decision. However, in a realistic approach to this problem, the Court should not act in an ex post facto manner, leaving the trial courts in uncertainty as to what standards and procedures are to be applied, but rather this Court has the responsibility to fix in advance the required procedural steps in the trial court. Under Rule 1-4D, all trial courts have a guide and standard as the question arises. We therefore find no merit in the contention that this Court has no jurisdiction or no responsibility in seeing that judicial proceedings are administered in an orderly and uniform fashion in carrying out the constitutional provisions for a speedy trial.

We come next to the question of the application of Rule 1-4D. It merely states:

"This rule shall be effective on and after July 1, 1965."

In this case it is apparent that to apply this rule retroactively or to pending criminal cases on July 1, 1965 would not only create confusion but also aggravate inequalities and thwart the orderly prosecution of crime. In this case, to apply it retroactively would result in numerous defendants in criminal cases being freed a few days after July 1, 1965, without any real opportunity for the State to try the defendants. In some cases, under relator's contention, the lapse of time would have occurred before July 1, 1965,

and the defendant would have been immediately discharged. It would be against common logic to assume that this Court intended to grant a bonus in the way of a discharge to defendants (including those charged with as serious a crime as murder) who have had cases pending against them on July 1, 1965 when this rule became effective. The application of the rule urged by the relator would give the old and pending cases freakish or better treatment, while to make the rule applicable only to newly initiated criminal proceedings would in no way harm defendants in pending criminal cases or place them at a disadvantage over their original position.[1] To make this rule applicable retroactively to pending cases was not the intention of this Court, and the rule should not be so interpreted. It was not intended to make it applicable to cases pending on July 1, 1965. It was the intention of this Court to make it applicable only to cases initiated on and after July 1, 1965.

It is stated in relator's brief that "at the present time there are undoubtedly several hundred cases pending in the courts of Lake County, where the construction and interpretation of this rule will be in issue." It is our duty to fix an interpretation which will end confusion and create a uniformity and simplicity in its application. Unless there are strong and compelling reasons, prospective application of laws, rules and regulations is the normal construction to be given to their effectiveness.

---

1. The relators rely heavily upon *State ex rel. Blood et al.* v. *Gibson Circuit Court* (1959), 239 Ind. 394, 157 N. E. 2d 475. In that case Rule 1-12B (change of venue) was made applicable to a pending levee proceeding and the ten day limitation was counted arbitrarily from the effective date of the rule, September 1, 1958, and not the date of issue which occurred prior thereto. The circumstances there were somewhat different from those in this case. In the levee case there was no time limitation whatever prior to the rule within which a request for a change of venue had to be made. In the present case, the statutory limitations are applicable to the old cases and any change in that respect would create mischief and confusion in the trial calendars and the setting of those old and pending cases and, as stated previously, would cause the release of some defendants where the State authorities have not had the opportunity within the new rule limitation to bring the case to trial.

"Statutes framed in general terms, prospective in operation, apply alike to all persons, subjects, and businesses within their general purview and scope coming into existence after their passage." 26 I. L. E., Statutes, Sec. 137, p. 354.

The rule in question should be applied to carry out its objective, namely, to make uniform the time within which a speedy trial may be had. This can only be done by making it effective only as to newly initiated criminal proceedings on and after its effective date. It is true, statutes and rules as to procedural and remedial matters *may* be made to operate retroactively, but it is not true that they *must* apply retroactively.

"Thus, a statute should be given a prospective rather than a retroactive effect, in the absence of apparent intent of the Legislature to give a retroactive effect to the statute, and a statute will be interpreted as having a retroactive effect only where the legislative intent is clear or the language imperatively requires it." 26 I. L. E., Statutes, Sec. 193, pp. 377-378.

Obviously, the end of uniformity and simplicity can be best achieved by applying Rule 1-4D to cases where "the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later)" occurred on and after July 1, 1965, and such interpretation of the effective date of Rule 1-4D of this Court is given accordingly.

The petition for a writ of prohibition is denied.

Achor, J., not participating.

NOTE.—Reported in 212 N. E. 2d 21.