248 Ind. 263 (1967)
226 N.E.2d 328
McCORMICK
v.
VIGO COUNTY HIGH SCHOOL BUILDING CORP.
No. 31, 153.
Supreme Court of Indiana.
Filed May 24, 1967.
*264 George N. Craig, of Brazil, and C. William Craig, of Terre Haute for appellant.
Thomas M. Patrick, Dix, Dix, Patrick, Ratcliffe & Adamson, both of Terre Haute, and Ice, Miller, Donadio & Ryan, of Indianapolis, all for appellee.
ARTERBURN, J.
This is an appeal from a final judgment denying an injunction against the sale of bonds to build two high schools in Vigo County, Indiana. The appellee has filed a motion to dismiss the appeal on the ground that it was filed too late under Ch. 357 of the Acts of 1967, while on the other hand the appellant has filed a motion to remand this appeal to the Appellate Court where it was originally filed, and was by that Court transferred to this Court under the same Act of the 1967 General Assembly. Since both motions concern the same Act, we shall consider both motions together and address our comments to that Act.
Chapter 357 of the Acts of 1967 purports to shorten the time for appeal and expedite the proceedings in what are known as "public lawsuits" involving construction and financing of various public improvements such as school buildings, etc. The heart of the Act appears to us to be that portion providing that the trial court may require any person bringing an action for an injunction to stop a bond issue or construction to give bond to pay damages for costs in event the plaintiff *265 is not successful. Another section provides that no lawsuit shall be brought more than ten days after the first publication for the sale of bonds, and states further that after such an action is commenced, no other person may bring such a lawsuit. The appellee contends that this is a vicious provision of legislation "obviously designed so that the proponents of the expenditures may control both ends of the lawsuit by the simple device of having a dummy file a suit on some inconsequential point. Once that small hurdle is crossed, the entire project would be home free and immune from further question."
We stated in State ex rel. Board of Sanitary Commissioners, etc. v. Superior Court of Vigo County No. Two (1966), 247 Ind. 617, 220 N.E.2d 336, that we are fully conscious of the difficulties of public financing and obstructive tactics which are sometimes employed by use of taxpayers' suits filed a few days before a date for a bond sale is fixed. But as we stated there also, these are matters of legislative policy and not within our province to review.
Placing aside the question of the merits of the legislation, there are, however, certain procedural details stated in the Act which we are compelled to consider. The 1967 Act provides in Section 6 thereof that the time for taking appeals from final judgments in "public lawsuits" shall have "the same time limits as appeals from interlocutory orders" thus reducing the time to 30 days.
The appellant contends that the legislature has infringed upon the rule-making power of this Court in attempting to change Rule 2-2, which provides that an appeal from a final judgment may be taken "within 90 days from the date of the judgment or ruling on the motion for a new trial (whichever is later) unless the statute under which the appeal or review is taken fixes a shorter period."
In order to remove any apparent conflict between the rule-making power of the Supreme Court in the judicial branch of *266 the government, the legislature enacted Ch. 91 of the Acts of 1937, which provided this Court should have the exclusive rule-making power and further stated: "thereafter all laws in conflict therewith shall be of no further force and effect."
As part of its inherent judicial powers under the Constitution, this Court must exercise control of the rules of procedure and be the final arbiter in case any conflict arises as a result of legislation. Smith v. State (1939), 215 Ind. 276, 19 N.E.2d 549.
A question of statutory conflict with the Rule 2-2 providing a 90 day period for an appeal arose in the case of Browne v. Blood (1964), 245 Ind. 447, 196 N.E.2d 745. There the legislature passed a law providing for procedure in the construction of a levee and fixed the time for appeal therein by statute at 30 days. We held that where there is a conflict between procedure fixed by a statute and a rule by the Supreme Court, the Supreme Court rule would prevail. However, since our Rule 2-2 provides an exception to the 90 day period within which an appeal might be filed from a final judgment when a statute fixes a lesser period, we held no conflict existed and the 30 day statutory limitation was held valid. The solution in the case before us would be simple were the facts the same, but there are some important differences here.
In this case the judgment from which the appeal is being taken was rendered on January 17, 1967. The Act of 1967, under which the appellee seeks to restrict the time for appeal, did not become effective until later, namely, on March 11, 1967. In our opinion, this Act should not be interpreted so as to make it retroactive and applicable to judgments rendered prior to the effective date of the Act. Although Sec. 6 of the Act is valid as to future appeals, it is not applicable to those cases in which appeals were in the process of being taken on judgments prior to the effective date of the Act. To do so would cut off arbitrarily the rights to those who had previously obtained a judgment and were perfecting appeals. *267 The transcript in this case was filed within the 90 day period following the judgment, namely on April 17, 1967. This was within the time fixed by Rule 2-2, which was applicable at the time the judgment was rendered and is within the time allowable for filing an appeal under our rules.
It is further urged that if Sec. 6 is not applicable to appeals from prior judgments, then certainly Section 9(a) of the Act of 1967 is operative. This section reads as follows:
"(a) Where a judgment has been entered in any public lawsuit in the trial court prior to the effective date of this Act the time for appeal provided therein shall run from the effective date of the Act or from the time permitted prior to this Act, whichever is sooner." (Our italics)
It will be noted that this provision cuts down arbitrarily the time to appeal in pending litigation. It is expressly retroactive in operation. This is particularly vicious in view of the fact that the Act had an emergency clause, which made it effective on March 11, 1967, without any publication whatever as to those who might be affected. Unless one were constantly in touch with the legislature, those who had pending litigation would be taken by surprise and their rights of appeal arbitrarily cut off. For example, this paragraph would cut off one's right to appeal before the time had run for the filing of a motion for a new trial and ruling thereon in some instances, since the time fixed by the statute runs from the date of the judgment and not from the ruling on a motion for a new trial, as provided in our Rule 2-2. This rule directly conflicts with our rules regarding appeals and attempts unfairly, in our opinion, to impose a restriction on cases in the process of appeal without notice, as a result of the emergency clause in the 1967 Act.
In State ex rel. Blood v. Gibson Circuit Ct. (1959), 239 Ind. 394, 157 N.E.2d 475, we had a similar question before us. In that case we considered the right of the legislature to fix the time within which a change of judge could be granted.
*268 Judge Bobbitt, speaking for the Court, stated that "the method and time of asserting such right are matters of procedure and fall within the category of procedural rules.... The method and time for filing a motion for a change of judge in the proceedings herein are, therefore, governed by the provisions of Rule 1-12B supra."
Where there is a direct conflict between the statute and the rule of this Court in a purely procedural matter fixing a time limitation on appeals, the statutory provision must fall.
As we have pointed out, Section 9(a), Ch. 357 of the Acts of 1967 works an unnecessary hardship upon parties who were in the process of appealing. It is retroactive in its application. It went into effect by reason of an emergency clause without fair notice to all those to whom it applied in cutting down the time for an appeal. Not only because of the inequities, but because it conflicts with the time limitation for an appeal fixed by rules of this Court, it is ineffective and must fall. Smith v. State (1939), 215 Ind. 276, 19 N.E.2d 549.
Therefore, the motion to dismiss the appeal on the ground it was not filed in time, should be overruled.
We come next to the consideration of the motion to remand this case to the Appellate Court. Appellant's motion to remand is based upon the contention that the Acts of 1967 provides only that "public lawsuits" on appeal then pending in the Appellate Court shall be transferred to the Supreme Court; that there is no provision in the statute providing that appeals of "public lawsuits" taken thereafter should be filed in the Supreme Court.
We have read this Act and we find no provision which states that hereafter all appeals of "public lawsuits" shall be taken directly to the Supreme Court. We find only the following provision:

*269 "SEC. 9(b) Any case pending and undecided in the Indiana Appellate Court shall be transferred without further action of the parties to the Indiana Supreme Court, except where a case has been argued by the Appellate Court, the case may be transferred in an order of the Appellate Court setting forth its opinion."
The statute did not change the jurisdiction on appeals except as to "any case pending and undecided in the Appellate Court" at the time of the effective date March 11, 1967.
It is clear to us that this appeal was properly filed in the first place in the Appellate Court on April 17, 1967, as appeals of this character originally were properly filed in that court. This appeal was not pending in the Appellate Court at the time this Act became effective on March 11, 1967 and therefore did not fall within the limited and expressed terms of that Act. As we read the Act, it was applicable only to "public lawsuits" on appeal pending in the Appellate Court on March 11, 1967, and no other appeals.
Chapter 357 of the Acts of 1967 has a severability clause. Since we have no reason to review other provisions of the 1967 Act, we express no opinion other than that relating to Sections 6, 9(a) and 9(b) of the Act. Browne v. Blood (1964), 245 Ind. 447, 196 N.E.2d 745.
The motion to dismiss this appeal is overruled, and this cause is remanded to the Appellate Court for consideration as an appeal, with the pending motion for an extension of time and the objections thereto.
Myers, J., not participating.
NOTE.  Reported in 226 N.E.2d 328.