In the Matter of LITTLE WALNUT
CREEK CONSERVANCY
DISTRICT.

William H. Eiteljorge, Betty Eiteljorge, John F. Eiteljorge, June Eiteljorge, Otis Adams, Stella Adams, Eldon Wells, La Mar Parker Farms, Inc., John W. Sutton, Reta Mae Sutton, Donald Irwin, Joan Irwin, Bernard Snider, A. Wayne Hamblen, Phyllis Hamblen, Clyde A. Faatz, Sr., Alice M. Faatz, Homer A. Hurley, Beulah H. Hurley, Robert E. Harlan, Mae Henry Hager, Mary Kathleen Reckley, Mirl Brown, Harold Hockensmith, Madge N. Hockensmith, Wayne L. Bright, Linda M. Bright, Hermina Eiteljorge, Marvin A. Evens, Ralph Call, Bradley Stelzner, Constance Stelzner, Margaret R. Miller, Molly Crosley, Carl K. Hoffman, Darlene M. Hoffman, Charles N. Atkins, Appellants-Exceptors Below,

(A. Wayne Hamblen and Phyllis
Hamblen, not appealing).

No. 1-680A161.

Court of Appeals of Indiana,
First District.

April 14, 1981.
Rehearing Denied June 1, 1981.

William L. McClellan, Greencastle, J. Maurice Harrell, Beech Grove, for appellants.

James M. Houck, Greencastle, for appellee.

RATLIFF, Judge.

## STATEMENT OF CASE

Certain landowners (Exceptors) of the Little Walnut Creek Conservancy District (District), appeal from the trial court's order affirming the Appraisers' Report filed pursuant to Indiana's Conservancy District Act. We dismiss the appeal for lack of jurisdiction.

## DISCUSSION AND DECISION

Exceptors filed eight exceptions to the Appraisers' Report which resulted in assessments for certain "exceptional benefits" against their properties located in the District as provided by IC 19-3-2-64 (Burns Code Ed.). Hearings were held on the exceptions filed and on January 29, 1980, the trial court entered its order upon the issue

of Exception Number 1, the only issue upon which Exceptors bring this appeal. Exceptors filed a motion to correct errors and the court overruled it on March 31, 1980. Exceptors filed their praecipe for the record on April 28, 1980, and their transcript with the court of appeals on June 26, 1980.

■ We dismiss this appeal for lack of jurisdiction as a result of Exceptors' failure to comply with the thirty (30) day provision of IC 19–3–2–65 [1] or failure to obtain an extension of time within which to perfect their appeal.

■ The exact words of the appellate provision of IC 19–3–2–65 read as follows: "Appeal of the court's order may be made to the Supreme Court within thirty days." We recognize that part of this statutory provision requiring the appeal be taken to the supreme court has been superseded by Ind. Rules of Procedure, Appellate Rule 4(B). This rule states: "In all other cases, [*i. e.*, cases other than those listed in A.R. 4(A) which are appealed to the Indiana Supreme Court] appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana." In addition, the last sentence of A.R. 4(B)(5)(c) reads: "Any law, statute or rule or *part thereof in conflict* with the provisions set forth hereinabove are superseded by these rules, and *the portions in conflict with these rules* are hereby held vacated, set aside and held for naught." (Our emphasis.) To the extent, then, that the legislative enactment conflicts with the rules, the rules will take precedence and the conflicting phrases within the statute will be deemed without force and effect. *State ex rel. Western Parks, Inc. v. Bartholomew County Court*, (1978) Ind., 383 N.E.2d 290. *Accord, Southern Indiana Rural Electric Cooperative, Inc. v. Civil City of Tell City*, (1979) Ind.App., 384 N.E.2d 1145.

In *State v. Bridenhager*, (1972) 257 Ind. 699, 279 N.E.2d 794 at 796, our supreme court defined what it meant by the term "in conflict":

"To be 'in conflict' with our rules and thus repealed by Acts 1969, ch. 191, § 3, IC 34–5–1–3, and abrogated by our promulgation of the rules, it is not necessary that the statutory rule be in direct opposition to our rule, so that but one could stand per se. It is only required that they be incompatible to the extent that both could not apply in a given situation."

In the instant case we do not find that the statutory provision directing appeals to be filed within thirty days from the court's order regarding exceptions under the Conservancy District Act to be in conflict with our Appellate Rules. In fact, Ind. Rules of Procedure, Appellate Rule 3(B) states:

"(B) Time within which the appeal must be submitted. In all appeals and reviews, except those from interlocutory orders, the record of the proceedings must be filed with the clerk of the Supreme Court and Court of Appeals within ninety (90) days from the date of the judgment or the ruling on the motion to correct errors, whichever is later. In appeals and reviews of interlocutory orders the record of the proceedings shall be filed within thirty (30) days of the ruling. *However, if the statute under which the appeal or review is taken fixes a shorter time, the time fixed by the statute shall prevail.*" (Our emphasis.)

■ This court has taken an unequivocal stance regarding the timeliness of pursuing an appeal. Chief Judge Buchanan has written: "The filing of a transcript within the time required is a jurisdictional act. *Brindle v. Anglin*, (1965) 246 Ind. 601, 208 N.E.2d 476. Failure to file the transcript within the time required deprives the reviewing court of jurisdiction to entertain the appeal. *Bowers v. Thornburg*, (1961) 242 Ind. 272, 177 N.E.2d 665." *Wadkins v. Thornton*, (1972) 151 Ind.App. 380, 279 N.E.2d 849, 852–53. Relief from the deadline for filing an appeal may be obtained "only by filing a petition for extension of

---

1. We note that the Conservancy District Act, IC 19–3–2–1 *et seq.* (Burns Code Ed.) has been recodified at IC 13–3–3–1 *et seq.* (Burns Code Ed., Repl.1981). The provision at issue remains unchanged and appears at IC 13–3–3–62(f).

time with *this* court, pursuant to AP. 14(A)." *Id.*, 279 N.E.2d at 853. The record of the clerk of the court of appeals reflects no request on the part of Exceptors to obtain an extension of time within which to file the record in this cause. The record having been filed in this court more than thirty days after the court's final order, we may not decide the matter on its merits.

Appeal dismissed.

NEAL, P. J., and ROBERTSON, J., concur.