STATE of Indiana, ex rel. David GASTON, Relator,

v.

The GIBSON CIRCUIT COURT and the Honorable Walter H. Palmer, as Judge Thereof, Respondents.

No. 284S47.

Supreme Court of Indiana.

May 11, 1984.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for relator.

Walter H. Palmer, Gibson Circuit Court, Princeton, Linley E. Pearson, Atty. Gen., Indianapolis, George Ankenbrand, Pros. Atty., Princeton, for respondents.

## ORIGINAL ACTION

GIVAN, Chief Justice.

Relator sought a Writ of Mandamus against the respondent to require the trial judge, the Honorable Walter H. Palmer, to grant a change of judge. The writ was temporarily denied at a hearing on February 9, 1984. This opinion is to ratify that denial.

Relator was convicted by a jury of Dealing in a Controlled Substance, a class B felony. This conviction was reversed by the Court of Appeals in an opinion reported at 451 N.E.2d 360. The cause was remanded for a new trial. After remand the relator filed a Motion for Change of Judge which was denied. Relator then sought this writ to require the Gibson Circuit Court to grant the motion.

The petition focuses this Court's attention on the conflict between Ind.R.C.P. 12 and the 1983 amendment to IC § 35–36–6–1 [Burns 1983 Supp.]. The legislature added IC § 35–36–6–1(c) [P.L. 311–1983, § 48] which reads:

> "(c) In any criminal action, either the state or the defendant is entitled as a substantive right to a change of venue from the judge upon the same grounds and in the same manner as a change of venue from the judge is allowed in civil actions."

This Court has held the right to a change of venue from a judge is a substantive right to be conferred only by the legislature. However, the method and time of asserting the right is procedural and falls within this Court's procedural rules. *State ex rel. Blood v. Gibson Circuit Court,* (1959) 239 Ind. 394, 157 N.E.2d 475. Ind. Code § 35–36–6–1(c) is in conflict with Ind. R.C.P. 12 which states in pertinent part:

> "In any criminal action, a motion for change of judge or change of venue from the county shall be verified or accompanied by an affidavit signed by the Criminal Defendant or the Prosecuting Attorney setting forth facts in support of the statutory basis or bases for the change. Any opposing party shall have the right to file counter-affidavits within ten [10] days, and after a hearing on the motion, the ruling of the court may be reviewed only for abuse of discretion."

Under Ind.R.C.P. 12, the granting of a motion for a change of judge is discretionary and to be reviewed only as to an abuse of that discretion. The language of IC § 35–36–6–1(c) [Burns 1983 Supp.] establishes the same procedure for a change of judge in a criminal case as exists in a civil case. Under IC § 34–2–14–1 [Burns 1971],

when a civil case is remanded, either party upon request is entitled to a mandatory change of judge from the judge who initially heard the case. Relator maintains the language of the statutes and his timely request for a change created a mandatory right to a change of judge. Thus a conflict exists in the case at bar to determine whether or not a change of judge is mandatory.

We hold Ind.R.C.P. 12 governs in the case at bar. We have held this Court has the authority to adopt procedural rules governing the conduct of litigation, and these rules take precedent over conflicting statutes. *Augustine v. First Federal Savings and Loan Association of Gary,* (1979) 270 Ind. 238, 384 N.E.2d 1018; *In the Matter of Little Walnut Creek Conservancy District,* (1981) Ind.App., 419 N.E.2d 170 (rehearing denied 1981). When conflict exists, the statute will be deemed without force and effect. *In the Matter of Little Walnut Creek Conservancy District, supra.*

Ind.R.C.P. 12 determines the method and time for asserting the legislatively provided right to a change of judge. IC § 35–36–6–1(c) has no force to the extent it is in conflict with Ind.R.C.P. 12. In cases such as the case at bar, where conflict exists, the granting of a motion for a change of venue from the judge is governed by the rule and is discretionary not mandatory. Any error the judge may have committed in denying the motion must be raised by appeal.

The Writ of Mandamus is denied.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., dissents with separate opinion.

HUNTER, Justice, dissenting.

This Court has long recognized that a change of venue or a change of judge safeguards the constitutional right to a fair trial. *State ex rel. Fox v. LaPorte Circuit Court,* (1956) 236 Ind. 69, 138 N.E.2d 875; *State ex rel. Young v. Niblack,* (1951) 229 Ind. 509, 99 N.E.2d 252. It is axiomatic that a person has a right to a trial as free from the effects of bias and prejudice as is possible. The evils of bias and prejudice are all the more acute in criminal cases, cases that are often given extensive coverage by the local media. A change of venue helps give a criminal defendant a fresh start by giving him a different judge in an area where jurors may be less exposed to the facts of the case.

I believe the majority holding creates a serious constitutional anomaly relating to a change of venue. Under this holding a person has more protection from bias and prejudice in a *civil* case than in a *criminal* one, since in civil cases the change is mandatory while in criminal cases it is discretionary. At the very least the protection offered in criminal cases should be equal to that offered in civil ones. The legislature attempted to make it equal by enacting Ind.Code § 35–36–6–1(c), which had the effect of making the change mandatory in criminal cases. The legislature was dealing with the *substantive* right to a change, and nothing more. Our lawmakers were not attempting to set forth any standards for the method and time of a change, areas that are admittedly controlled by our rules. *State ex rel. Blood v. Gibson Circuit Court,* (1959) 239 Ind. 394, 157 N.E.2d 475. The conflict here concerns, as the majority correctly points out, "whether or not a change of judge is mandatory." The majority erred when it designated this conflict as one of procedure rather than one of substantive law. The conflict is not with how a change of judge is granted; it is with whether it should be granted at all. This is a question of substantive law, controlled by the legislature.

In short, I believe the statute in question here mandates a change of venue, and it was passed to help assure the criminal defendant receives the fair trial guaranteed by the constitution. I do not believe this statute can—or should be—ignored. I therefore dissent to the majority opinion.