STATE of Indiana, ex rel. Clifford JEFFRIES, Relator,

v.

The LAWRENCE CIRCUIT COURT and the Honorable Linda L. Chezem, as Judge Thereof, Respondents.

No. 684S231.

Supreme Court of Indiana.

Sept. 6, 1984.

Douglas Bridges, Barbara Benson, Berry, Bridges, Benson & Benson, Bloomington, for relator.

Donald Hickman, Pros. Atty., Bedford, for respondents.

GIVAN, Chief Justice.

Relator sought a Writ of Mandamus to compel the trial judge to grant relator's motion for a change of judge. Following oral presentation of the petition for the writ on June 12, 1984, this Court advised the parties that it would deny the petition. Relator elected to file the petition and the related papers with the Clerk of this Court. We now affirm denial of the petition.

On January 24, 1984, relator was charged by information in the Lawrence County Court with the offense of receiving stolen property. The State moved for, and was granted, a transfer to the respondent court. On April 23, 1984, relator moved for a change of judge. The motion was denied by Judge Chezem because relator failed to set forth grounds for a change of judge.

Relator contends that he was entitled to an automatic change of judge. He relies on Acts 1984, P.L. 170 which became effective March 15, 1984. The pertinent section of the statute reads as follows:

"SECTION 4. IC 35–36–5–1, as added by P.L. 298–1981, SECTION 5, is amended to read as follows: Sec. 1. In any criminal action, either the defendant or the state is entitled as a substantive right to a preemptory change of venue from the judge without specifically stating the reason. The defendant or the state may obtain a change of judge under this section by motion filed in a manner and within the time limitations as specified in the Indiana Rules of Criminal Procedure. Each party is entitled to only one (1) change of judge under this section."

Relator asserts that because the statute creates a substantive right to a preemptory

change of judge in a criminal case, the granting of such a motion is mandatory upon filing by either the defendant or the prosecution. We do not agree. Despite relator's contrary assertion, the statute conflicts with Ind.R.Cr.P. 12, which requires a showing of cause as a prerequisite for the discretionary granting of a motion for a change of judge.

In a recent case involving a conflict between Ind.R.Cr.P. 12 and the previous statute regarding change of judge in a criminal case, Ind.Code § 35–36–6–1(c), this Court held that the rule prevails over the conflicting statute, and that a change of judge in a criminal case is discretionary rather than mandatory. *State ex rel. Gaston v. Gibson Circuit Court*, (1984) Ind., 462 N.E.2d 1049 (Hunter, J., dissenting). Although the new statute employs different language, it too conflicts with the trial rule. Our holding in *Gaston* is controlling in the instant case.

"[T]his Court has the authority to adopt procedural rules governing the conduct of litigation, and these rules take precedent over conflicting statutes." *Id.* at 1051 (citations omitted). As we found in *Gaston*, the requirement of a showing of cause is procedural rather than substantive. The legislature creates the right to a change of judge, a right this Court cannot undermine. Implementation of the right in the course of litigation is governed by rules adopted by this Court. *Id.; State ex rel. Blood v. Gibson Circuit Court*, (1959) 239 Ind. 394, 157 N.E.2d 475.

We hold that the granting of a motion for a change of judge in a criminal case is governed by Ind.R.Cr.P. 12. Ind.Code § 35–36–5–1, as amended by Acts 1984, P.L. 170, has no force and effect to the extent it conflicts with the trial rule. *State ex rel. Gaston, supra.*

The Petition for Writ of Mandamus is denied.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., dissents with separate opinion.

HUNTER, Justice, dissenting.

I dissent for the reasons set forth in my dissent in *State ex rel. Gaston v. Gibson Circuit Court*, (1984) Ind., 462 N.E.2d 1049 (Hunter, J., dissenting).