**STATE of Indiana ex rel. Eugene ROBINSON, Relator,**

v.

**The GRANT SUPERIOR COURT NO. 1 and the Honorable Gary L. Thompson, As Judge Thereof, Respondents.**

**No. 984S370.**

Supreme Court of Indiana.

Dec. 10, 1984.

Patrick N. Ryan, Jack B. Welchons, Ryan & Welchons, Marion, for relator.

Stephen Johnson, Grant County Pros. Atty., Marion, for respondents.

GIVAN, Chief Justice.

Relator seeks a Writ of Mandamus to compel the trial court to grant a motion for change of judge. Relator's request for oral presentation was denied by this Court. He then elected to file his petition and related papers with the Clerk of this Court. The petition for the writ is herein denied.

On August 7, 1984, relator was charged by information in the respondent court with the offense of criminal conversion. Two days later he filed a motion for change of judge based solely on Ind.Code § 35–36–5–1, which provides "a preemptory change of venue from the judge without specifically stating the reason." The motion was denied. On August 31 relator filed a second motion for change of judge alleging bias and prejudice arising from the political contest for the judgeship of the respondent court. Following an evidentiary hearing on September 10, that motion was also denied.

Regarding the first motion, relator was not entitled to a mandatory change of judge as he contends. The statute upon which relator relies has no force and effect to the extent that it conflicts with Ind.R.C.P. 12. *State ex rel. Jeffries v. Lawrence Circuit Court*, (1984) Ind., 467 N.E.2d 741 (Hunter, J., dissenting). Ind.R.C.P. 12 requires a showing of cause as a prerequisite for the discretionary granting of a motion for change of judge. *State ex rel. Jeffries, supra* at 742. The court did not exceed its jurisdiction in denying a motion which failed to comply with the governing trial rule.

Relator's second motion did set forth facts in support of the basis of the change as required by Ind.R.C.P. 12. The facts in support of relator's allegation of bias and prejudice were: that the respondent judge was running for re-election; that an unnamed deputy prosecutor was the judge's campaign manager; and that relator's counsel was the assistant campaign manager for the judge's opponent. Relator contends that because the State offered no contradictory evidence to refute his conclusory allegation of bias and prejudice, the court had no discretion to deny his motion and therefore exceeded its jurisdiction in doing so.

We do not agree. A ruling on a motion for change of judge filed pursuant to Ind. R.C.P. 12 is made within the trial court's discretion. *State ex rel. Jeffries, supra; State ex rel. Gaston v. Gibson Circuit Court*, (1984) Ind., 462 N.E.2d 1049 (Hunter, J., dissenting). Any error arising from an abuse of that discretion must be raised by appeal. *State ex rel. Gaston, supra.*

"Original actions are viewed with disfavor, and may not be used as substitutes for appeals." Ind.R.O.A. 2(C). Mandate will lie only if the remedy by appeal will be wholly inadequate. Ind.R.O.A. 3(A)(6). The appellate process is adequate to correct any abuse of the respondent court's discretion in denying relator's motion for change of judge. *See State ex rel. Kindred v. Morgan Circuit Court*, (1983) Ind., 455 N.E.2d 328 (in original actions appealable matters raised by relator will not be addressed); *State ex rel. Pebblecreek v. Clark Circuit Court*, (1982) Ind., 438 N.E.2d 984 (extraordinary equitable relief not invoked where remedy by appeal is full and adequate).

The Writ of Mandamus is denied.

All Justices concur.