**STATE of Indiana on the Relation of Robert D. STIDHAM, Relator,**

v.

**The COUNTY COURT OF CLARK COUNTY, Indiana, and the Honorable Steven M. Fleece, as Presiding Judge Thereof, Respondents.**

No. 10S00–8803–OR–324.

Supreme Court of Indiana.

June 1, 1988.

Jeffrey D. Stonebraker, Jeffersonville, for relator.

David Mosley, Pros. Atty., Jeffersonville, Linley E. Pearson, Atty. Gen., Indianapolis, for respondents.

DeBRULER, Justice.

This is an original action brought in this court to compel the Respondent trial court to grant a change of venue from the Judge. This Court denied the mandate writ by a split vote following oral presentation of the case.

Relator stands charged in Respondent court with a misdemeanor. His motion for change from the judge was filed and denied following the rejection by Respondent of a proposed plea agreement. Since that ruling the status quo has been maintained.

A statute applicable to Relator's claim for change of judge in the court below is Code 35–35–3–3(d), which provides in pertinent part:

"In a misdemeanor case, if:

(1) the court rejects a plea agreement; and

(2) the prosecuting attorney or the defendant files a written motion for change of judge within ten (10) days after the plea is rejected;

the court shall grant the motion for change of judge and transfer the proceeding to a special judge under the Indiana Rules of Criminal Procedure.

Relator's motion did conform to the requirements of this provision. He contends before us that the motion should have been

granted as a necessary consequence of this conformance.

A court rule applicable to Relator's claim for change of judge in the court below is Ind.Rules Crim.Proc. 12 which states in pertinent part:

"In criminal actions ..., a motion for change of judge ... shall be verified ... setting forth facts in support of the statutory basis or bases for the change. Any opposing party shall have the right to file counter-affidavits within ten (10) days, and after a hearing on the motion, the ruling of the court may be reviewed only for abuse of discretion."

Relator's motion was submitted to Respondent, who pursuant to the this rule denied it on the basis that his rejection of the plea agreement had not created a disqualifying partiality.

Relator recognizes that this Court does not sit to review discretionary trial court rulings in original actions, and that if the rule governs, and the trial court's ruling was a discretionary one, he is properly relegated to challenging it on appeal. *State ex rel South Bend v. Court of Appeals of Indiana—Third District* (1980), 273 Ind. 551, 406 N.E.2d 244. Relator also recognizes that there is a conflict in this regard between the statute and the rule, the statute rendering the ruling mandatory in these circumstances, the rule rendering the ruling discretionary. Relator also recognizes that if the statute and the rule are both procedural, the rule would alone govern the treatment of his motion. *Augustine v. First Federal Savings & Loan Association of Gary* (1979), 270 Ind. 238, 384 N.E.2d 1018. Relator therefore bases his claim for this writ upon the premise that the legislature has conferred a substantive right to a change from the judge under specified and limited conditions.

There is no question but that the right to an impartial judicial arbiter is a *sine qua non* of a just decision, a basic requirement, and thus substantive. The statute is intended to serve this basic end. However, the method and time of asserting even a basic right is procedural and falls within the judicial rulemaking power. *State ex rel Blood v. Gibson Circuit Court* (1959), 239 Ind. 394, 157 N.E.2d 475. Rule 12 envisions a discretionary ruling by the trial court upon stated facts given under oath. Two former statutes which envisioned mandatory rulings by the trial court upon motions for change of judge which stated no facts and which were not made under oath, were held to be procedural in those respects, in conflict with Rule 12, and thus inoperative. *State ex rel. Gaston v. Gibson Circuit Court* (1984), Ind., 462 N.E.2d 1049; *State ex rel Jeffries v. Lawrence Circuit Court* (1984), Ind., 467 N.E.2d 741. While the statute under consideration here is different in that it requires the statement of a fact, ie. the rejection ruling, it nevertheless remains the legal equivalent of the two former statutes in that it does not require an oath and does proscribe a manner and method of asserting and dealing with a request for change of judge. Respondent court was therefore correct in following the rule.

The writ is denied.

GIVAN, and PIVARNIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent.