STATE of Indiana on the Relation of
VIDIMOS, INC., Relator,

v.

The JASPER SUPERIOR COURT and
The Honorable Richard W. Maroc,
Temporary Judge Thereof, Respondents.

No. 37S00–8906–OR–00472.

Supreme Court of Indiana.

May 3, 1990.

DeBRULER, Justice.

This is an original action in which Relator, Vidimos, Inc., has petitioned for a writ of mandamus which would require the respondent judge to enter an order granting Relator's Motion to Strike a motion for summary judgment filed by Robert Vidimos and for a writ of prohibition which would prohibit the respondent judge from exercising jurisdiction over the cause entitled *Robert Vidimos v. Vidimos, Inc.,* Cause No. CP–81–355.

Vidimos, Inc., is a family-owned corporation. Robert Vidimos was a shareholder/director and served as its president from its incorporation in 1966 until 1974, then served as an officer until his employment with Relator was terminated in 1977. Robert personally loaned Relator in excess of $200,000. In 1981, Robert filed suit against Relator and the First National Bank of East Chicago (FNBEC) seeking a declaratory judgment concerning the effectiveness of an agreement signed by all the shareholders, under which they became guarantors of debts incurred by Relator and which subordinated the repayment of debts to shareholders to the repayment of debts to FNBEC, and seeking compensatory and punitive damages.[1] Summary judgment motions were filed by plaintiff and both defendants.

In an order dated August 20, 1982, the trial court found that the agreement at issue was a continuing guaranty, contemplating continuing loans to Relator over an indefinite period of time for which the guarantors were secondarily liable. The court then ruled that the agreement was void because it provided no method of revocation by which a guarantor could terminate his liability on subsequent debts incurred by the corporation. The court found that by filing suit on May 15, 1981, Robert notified the guarantee and principal of his intention to revoke the agreement and that no further reliance could be given to the agreement after that date. Partial summary judgment was entered in favor of FNBEC as to loans issued and directly related to Relator prior to May 15, 1981, and partial summary judgment was entered in favor of Robert discharging him

---

1. Claims filed by Robert against his mother and two brothers and a bank official as individuals in their capacities as directors of the corporation and petitions seeking the appointment of a receiver for the corporation and an accounting were dismissed.

from any obligation under the agreement incurred after May 15, 1981.

The trial court also made the following ruling on Relator's motion:

Further, as to defendant, Vidimos, Inc.'s, motion for summary judgment, the Court finds that the obligation of a principal to the guarantor are different than those of the guarantor to the guarantee in this matter. That the action of a principal may well give rise to damages as well as cancellation of the subordination and guaranty agreement as they are applied to the principal in his reliance on obtaining corporate loans.

Therefore, the Court finds that certain issues of fact may well exist as to the liability of Vidimos, Inc., in its actions to its principal herein and therefore denies its motion of summary judgment.

. . . .

Partial summary judgment is not issued as to any liability in regards to actions of the bank and the corporation in their relationship to Robert J. Vidimos personally, or as to any damages which may be incurred because of those actions.

Following the entry of the trial court's order, Relator filed a Petition for Certification pursuant to Ind.R.A.P. 4(B)(6)(a) and (b) seeking an interlocutory review of the court's determination that the guaranty agreement was revocable. The petition was granted and the trial court's ruling on that issue was affirmed by the Court of Appeals in *Vidimos, Inc. v. Vidimos* (1983), Ind.App., 456 N.E.2d 455.

In 1984, Robert filed a motion for summary judgment against Relator on the damages issues. Relator then filed a Mo-

tion to Strike, alleging that the trial court's 1982 order disposed of all controversies between the parties and that the court had no jurisdiction to entertain Robert's summary judgment motion. The trial court denied Relator's motion to strike and Robert's summary judgment motion and set the cause for trial, whereupon Relator initiated this original action.

■ Writs of mandamus and prohibition are extraordinary remedies which are viewed with extreme disfavor, *State ex rel. Goldsmith v. Superior Court of Marion County* (1984), Ind., 463 N.E.2d 273, and they may not be used as substitutes for appeals, *State ex rel. Robinson v. Grant Superior Court* (1984), Ind., 471 N.E.2d 302 (quoting Ind.R.P.O.A. 2(C)). In that part of the trial court's order which denied Relator's motion for summary judgment, the court expressly found that because the obligation of a principal to the guarantor is different from that of a guarantor to the guarantee, genuine issues of material fact existed between these parties which rendered summary judgment inappropriate. Relator was free to take an appeal from this ruling and did not.[2] Relator may not now use the original action process to seek a result which might have been obtained had it pursued its appellate rights.

The writs of mandamus and prohibition are denied.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.

**2.** In the affidavit and brief which accompanied Robert's 1984 summary judgment motion, it is set out that because Robert had purchased from FNBEC all outstanding debt incurred by Relator prior to May 15, 1981, no impediment existed to Relator's repayment of the personal loans made by Robert since he now held both debts. Relator maintained in its Motion to Strike that the 1982 order held that "[Robert] was not entitled to monetary relief as prayed since the Guaranty and Subordination Agreement barred repayment of the indebtedness existing between [Robert] and [Relator]" and that by filing his motion for summary judgment, Robert was asserting a claim based on facts which did not exist at the time of the original order. First, this is a mis-

statement of the court's order, which expressly declined to rule on the respective rights of these two parties. Second, Robert's subsequent purchase of Relator's debt does not alter the fact that after the trial court entered its order finding genuine issues of material fact to exist between the parties and denying Relator's summary judgment motion, which order was not appealed, Robert was free to file any motions appropriate to the prosecution of that pending action, including a motion for summary judgment. Those parts of Robert's affidavit and brief which concern the purchase of Relator's debt seem to be a premature argument on obstacles to collection of any judgment he might receive.