Johnny L. **ROBINSON** and Phyllis Ann Yager, Appellants,

v.

The **ESTATE OF** Vivian Robinson HARDIN, Darlene K. Shoobridge, Individually and as Personal Representative of the Estate of Vivan Robinson Hardin, and Vincent Shoobridge, Appellees.

No. 63S01–9203–CV–170.

Supreme Court of Indiana.

March 12, 1992.

Mark R. McConnell, Verkamp & McConnell, Jasper, for appellants.

Jeffrey B. Kolb, Emison Doolittle & Kolb, Vincennes, for appellees.

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the First District Court of Appeals. 551 N.E.2d 483. The issue presented is whether a party contesting the validity of a will is restricted to the use of the sheriff when choosing an agency to serve summons. The trial court below ruled that a party is so restricted by statute and granted appellees' motion to dismiss Counts I, II, and V of appellants' complaint which involved claims against the estate and a will contest on jurisdictional grounds, though summons had been served in a timely fashion by mail. In an opinion not for publication, Chezem, J. dissenting, a divided Court of Appeals affirmed. For the reasons set forth below, we now grant transfer and reverse.

On July 28, 1988, Vivian Robinson Hardin died leaving a document designated as her last will. This document was offered and admitted to probate on August 9, 1988. The will was subject to court challenge during the succeeding five month period, ending January 9, 1989. On January 3, 1989, appellants, Johnny Robinson and Phyllis Ann Yager, filed their complaint contesting the validity of this will. Summonses were issued by the Clerk on January 4, 1989 and on January 5, 1989; the summonses were served on appellees, Darlene Shoobridge and Vincent Shoobridge, residents of the state, by certified mail, return receipt requested and received by them on January 6, 1989. On January 13, 1989, appellee Darlene K. Shoobridge, in her capacity as personal representative of the estate of Vivian Robinson Hardin, deposited a copy of her motion to dismiss, made pursuant to Ind. Trial Rule 12(B), in the mail. This motion to dismiss was then file stamped on January 17, 1989.

On May 31, 1989, the trial court, in ruling on Darlene K. Shoobridge's January 17, 1989, motion to dismiss, entered its order dismissing Counts I, II, and V of appellants' complaint which contested the validity of this will. The trial court made the following findings:

6. Summons and a copy of the complaint were served on the defendants by certified mail, return receipt requested.

\*   \*   \*   \*   \*   \*

9. The original complaint was filed within five months after the filing with the court of a petition requesting that the will be admitted to probate.

10. The original summons was not served in accordance with I.C. 29-1-7-18 which requires that service be made by the Sheriff on resident defendants.

11. Because of the failure to comply with I.C. 29-1-7-18, the court is without jurisdiction over the particular case and jurisdiction over the defendant, Darlene K. Shoobridge as Personal Representative of the Estate of Vivian Robinson Hardin, Deceased.

The provisions of the Probate Code applicable here include I.C. 29-1-7-18 which states:

When an action is brought to contest the validity of any will as provided in this code, summons shall be served upon the defendants in the manner following:

1) If the defendant is a resident of the state of Indiana summons shall be served on him by the sheriff as provided in section 112(a).\*

112(a) refers to I.C. 29-1-1-12(a), which is to be read in conjunction with I.C. 29-1-7-18, provides that notice shall be served upon the person either:

By delivering a copy of the same to such person or by leaving a copy of the same at his last and usual place of residence,

---

\* I.C. 29-1-7-18 was amended in 1991. However, the changes do not affect the disposition of this case.

at least ten (10) days before the hearing, if he is a resident of the state of Indiana.

In this case, the courts below read these statutory provisions to require service by the sheriff and found other means of effectuating service insufficient. Reliance was placed upon *Willman v. Railing* (1988), Ind.App., 529 N.E.2d 122, in holding that appellants failed to adhere to the statutory requirements prescribing the manner in which service of process was to be effectuated. The Court of Appeals rejected the argument that the Indiana Trial Rules that address the manner in which process is to be served replace the method specified in I.C. 29–1–7–18.

I.C. 29–1–7–18 was enacted in 1953. On January 1, 1970, the Indiana Rules of Trial Procedure became effective having been enacted by the legislature and adopted by this Court. The scope of the trial rules is dictated by T.R. 1 which provides: "Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature...." In *State ex rel. Gaston v. Gibson Circuit Court* (1984), Ind.App., 462 N.E.2d 1049, we stated that:

> [t]his Court has the authority to adopt procedural rules governing the conduct of litigation, and these rules take precedence over conflicting statutes. *Augustine v. First Federal Savings and Loan Association of Gary*, (1979), 270 Ind. 238, 384 N.E.2d 1018; *In the Matter of Little Walnut Creek Conservancy District*, (1981), Ind.App., 419 N.E.2d 170 (rehearing denied 1981). When conflict exists the statute will be deemed without force and effect.

*State ex rel. Gaston*, 462 N.E.2d at 1051. Thus, the trial rules supersede statutory provisions addressing matters purely civil and procedural in nature, unless otherwise stated.

T.R. 4.1 authorizes service of summons upon individuals and individuals acting in a representative capacity, as appellees were in this case, to be served by mail which is the manner employed by appellants in this instance. In *Willman*, the Court of Appeals ruled that the statutory provisions governed the manner of service of process and not the trial rules. The court cited to T.R. 4.17 which states:

> Rules 4 through 4.16 shall not replace the manner of serving summons or giving notice as specially provided by statute or rule in proceedings involving, without limitation, the administration of decedent's estates, guardianships, receiverships, assignments for the benefit of creditors.

However, a suit brought to contest the validity of a will is not one of the proceedings listed in T.R. 4.17 that exempts the applicability of trial rules 4 through 4.16. A will contest is not part of the administration of a decedent's estate.

As a general proposition, the trial rules are applicable to suits involving will contests. In *Cook v. Loftus* (1981), Ind.App., 414 N.E.2d 581, 586 (citing *Moll v. Goedeke* (1940), 107 Ind.App. 446, 25 N.E.2d 258), the Court of Appeals stated that "[a]lthough the statutory contest of a will is a special proceeding, rules governing trials of civil actions under the code are applicable...." The Court of Appeals then proceeded to apply T.R. 7(A) and T.R. 12(H)(2) to the will contest. In *Matter of Estate of Parlock* (1985), Ind.App., 486 N.E.2d 567, the Court of Appeals affirmed a trial court ruling denying a will contest petition. The court found that the reference to fraud in the will contest did not meet the specificity requirement of T.R. 9(B). *Matter of Estate of Parlock*, 486 N.E.2d 567, 569. Thus, it is apparent that other trial rules have routinely been applied to suits involving will contests.

We therefore conclude that trial rules 4 through 4.16 are applicable to the case at bar and as such authorize methods by which service of summons may be successfully effectuated in suits involving will contests as these rules replaced the provisions of I.C. 29–1–7–18, relating to the manner of service. To the extent that *Willman* determined otherwise, it is disapproved.

The trial court's order dismissing that portion of appellants' complaint which contests the validity of decedent Vivian Robin-

son Hardin's will cannot stand as the court had both personal and subject matter jurisdiction. Appellants filed their complaint with the clerk well within the required five month period, and immediately requested the Clerk of the Pike Circuit Court to issue summonses for the defendants for service via registered or certified mail. Appellants complied with the requirements set out in T.R. 4 and thus the trial court obtained jurisdiction over appellees.

Accordingly, we now grant transfer. The Court of Appeals opinion is hereby vacated, the decision rendered in favor of appellees is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.