**Rod L. AVERY and Marshall K. Avery, Appellants–Defendants,**

v.

**Trina R. AVERY, Appellee–Plaintiff.**

No. 49A05–1004–PL–320.

Court of Appeals of Indiana.

Sept. 7, 2010.

Janice E. Smith, Indianapolis, IN, Attorney for Appellants.

Robert W. York, Robert W. York & Associates, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Rod Avery and Marshall Avery ("the Averys") appeal from the trial court's entry of default judgment against them in this will contest initiated by Trina Avery ("Trina"). The Averys present a single issue for our review, namely, whether the trial court erred when it entered default judgment against them for their failure to file an answer to Trina's verified complaint. We hold that a will contest is a civil action and that a defendant in a will contest is required to file an answer or otherwise plead to a complaint as provided in the trial rules. Accordingly, we affirm the default judgment entered by the trial court.

### FACTS AND PROCEDURAL HISTORY

Mary Avery ("Mary"), whose children include Trina, Rod, and Marshall, sustained injuries in a house fire and subsequently died on April 14, 2009. On September 22, 2009, Trina filed a Petition for Appointment of Personal Representative and for Supervised Administration in Cause Number 49D08–0909–ES–043719 ("ES–43719"). The probate court granted that petition. On December 30, the Averys filed their Verified Petition to Probate Will and to Remove Personal Representative. The Averys averred that Mary had executed a will in November 2008, which appointed Rod as personal representative and which bequeathed her entire estate to Rod and Marshall. The probate court admitted the 2008 will to probate and scheduled a hearing on the petition to remove Trina as the personal representative for February 23, 2010. Trina moved to

dismiss the Averys' petition, but the probate court never ruled on that motion.[1]

In the meantime, on February 1, 2010, Trina filed her verified complaint to contest the purported will of Mary dated November 14, 2008 in Cause Number 49D08–1002–PL–4558 ("PL–4558"). Trina averred that the purported November 2008 will was the result of undue influence, fraud and duress by the Averys. Trina also averred that a will Mary executed in January 2009 revoked the November 2008 will. Trina attached to the complaint an unsigned copy of Mary's January 2009 will, which appointed Trina as personal representative and which disinherited Rod and Marshall.[2] Trina alleged that the executed copy of the January 2009 will was destroyed in the fire at Mary's house immediately before her death. Trina also attached to the complaint a copy of a 2006 will Mary had executed, which also appointed Trina as personal representative and which had disinherited Rod and Marshall.

Trina served the Averys with summonses and copies of the complaint in compliance with Trial Rule 4, and the summonses included the following language:

> An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

Appellee's App. at 4. Neither Rod nor Marshall appeared, answered or otherwise pleaded in PL–4558. Accordingly, on March 10, Trina filed a motion for default judgment in the will contest. On March 23, the Averys filed a Motion to Dismiss Plaintiff's Motion for Default Judgment, alleging that they were not required to file an answer. On April 1, the trial court entered default judgment against the Averys, finding that "[t]he Trial Rules and case law require an Answer in [a] Will Contest." Appellants' App. at 74. And the trial court scheduled a hearing on Trina's petition to probate the January 2009 will. This appeal ensued.

## DISCUSSION AND DECISION

■ The Averys present an issue of first impression for this court, namely, whether interested parties to a will contest are required to file an answer to the complaint.[3] They contend that the Probate Code does not require that an answer be filed in a will contest. And they maintain that a will contest is "actually a response to the will being probated before the court." Brief of Appellants at 5. Because there were competing wills, the Averys assert that the trial court should have set the matter for hearing to determine which will was valid.

The Averys did not file a motion to set aside the default judgment under Trial Rule 60(B). On appeal, they present a

---

1. The parties have not included the CCS for ES–43719, so we do not know the disposition of that proceeding.

2. The January 2009 will divides Mary's estate between two of Trina's siblings, Marlei and Marcus, and two of Mary's grandchildren. The residue of the estate is to be divided between Trina and her brother Quentin.

3. Although only thirteen days passed between Trina's motion for default judgment and the Averys' motion to dismiss the motion for default judgment, the Averys never asked the trial court to treat their motion to dismiss as an answer or responsive pleading. We prefer to settle these disputes on the merits, but the Averys have consistently argued that no responsive pleading was required and have not sought relief from default under Trial Rule 60(B).

pure question of law, namely, whether the trial court erred when it found that the Averys were required to file a responsive pleading under Trial Rule 7(A). We review questions of law de novo.

Indiana Code Section 29–1–7–17 provides:

> Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within three (3) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, setting forth:
>
> (1) the unsoundness of mind of the testator;
>
> (2) the undue execution of the will;
>
> (3) that the will was executed under duress or was obtained by fraud; or
>
> (4) any other valid objection to the will's validity or the probate of the will.
>
> The executor and all other persons beneficially interested in the will shall be made defendants to the action.

The Probate Code is silent on the issue of whether the defendants in a will contest are required to file an answer or other responsive pleading.

But in *Robinson v. Estate of Hardin*, 587 N.E.2d 683, 685 (Ind.1992), our Supreme Court held that a will contest "is not part of the administration of a decedent's estate." And the Court also stated that "[a]s a general proposition, the trial rules are applicable to suits involving will contests." *Id.* In so holding, the Court cited this court's opinions:

> In *Cook v. Loftus*, 414 N.E.2d 581, 586 (Ind.Ct.App.1981) (citing *Moll v. Goedeke*, 107 Ind.App. 446, 25 N.E.2d 258 (1940)), the Court of Appeals stated that "[a]lthough the statutory contest of a will is a special proceeding, rules governing trials of civil actions under the code are applicable...." The Court of Appeals then proceeded to apply T.R. 7(A) and T.R. 12(H)(2) to the will contest. In *Matter of Estate of Parlock*, 486 N.E.2d 567 (Ind.Ct.App.1985), the Court of Appeals affirmed a trial court ruling denying a will contest petition. The court found that the reference to fraud in the will contest did not meet the specificity requirement of T.R. 9(B). [*Id.* at 569]. Thus, it is apparent that other trial rules have routinely been applied to suits involving will contests.

*Id.* Our Supreme Court then went on to hold that trial rules 4 through 4.16 are applicable to will contests, disapproving of this court's holding in *Willman v. Railing*, 529 N.E.2d 122 (Ind.Ct.App.1988) (holding former statute governing service of process in will contests not superseded by trial rules), *trans. denied, disapproved of by Robinson*, 587 N.E.2d at 685.

■ Trial Rule 7(A) provides in relevant part that the pleadings "shall consist of" a complaint and an answer. And in *Robinson*, our Supreme Court acknowledged, with approval, that this court has applied Trial Rule 7(A) in a will contest.[4] Again, a

---

4. Our reading of *Cook* does not necessarily comport with our Supreme Court's analysis. In *Cook*, we addressed the issue of the defense of failure to join an indispensible party and cited *Moll* for the rule that "[a]lthough the statutory contest of a will is a special proceeding, rules governing trials of civil actions under the code are applicable, and pleadings, motions, and answers are *sanctioned.*" *Cook*, 414 N.E.2d at 586 (emphasis added). To sanction is to authorize or permit, but does not connote a requirement. Nonetheless, because our Supreme Court used its interpretation of *Cook* to buttress its holding that Trial Rules 4 through 4.16 apply to will contests, we follow the Court's reasoning to support our holding here.

will contest is separate from the administration of an estate, and the executor and "all other persons beneficially interested in the will" are made defendants in a will contest. *See* I.C. § 29–1–7–17. Accordingly, we hold that, as with any civil complaint,[5] a defendant in a will contest is required to file an answer or otherwise plead within the time provided under Trial Rule 6.

██ Still, the Averys maintain that Indiana Code Section 29–1–1–10 applies and explicitly makes an answer optional. That statute provides:

> Where, pursuant to law, order of court, or the request of the moving party, notice of the filing of any report, account, claim, petition, motion or other pleading to interested persons is required before submission of the same to the court, any interested person, on or before the day set for hearing, may file written objections or answers thereto, and, upon special order or general rule of the court, objections or answers thereto must be filed in writing as a prerequisite of being heard by the court.

I.C. § 29–1–1–10.

██ But Indiana Code Section 29–1–1–10 applies to probate proceedings related to the administration of a decedent's estate, not to will contests. Again, a will contest is a freestanding cause of action separate and distinct from the administration of an estate, and the trial rules generally apply to will contests. *See Robinson,* 587 N.E.2d at 685. We hold that the Averys were required to file a timely answer to Trina's complaint. They failed to do so. The trial court did not err when it entered default judgment against the Averys.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.

---

**5.** Under Indiana Administrative Rule 8(B), the "PL" designation in the lower court cause number in the instant case indicates that it is a civil plenary action.