**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 30 2013, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. GABIG**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MONIQUE ROWE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1204-JM-165 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT JUVENILE DIVISION
The Honorable Marilyn A. Moores, Judge
The Honorable Roseanne Ang, Magistrate
Cause No.  49D09-1012-JM-55252

**January 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Monique Rowe ("Rowe") appeals her conviction for Failure to Ensure School Attendance, a Class B misdemeanor.[1] Rowe presents for our review one issue, which we restate as whether she was unlawfully denied her right to a jury trial.

We affirm.

**Facts and Procedural History**

Rowe's daughter, L.R., was enrolled at Indianapolis Public School #93 for the 2010-11 school year. During the fall of 2010, L.R., then eight years old, accumulated thirteen unexcused absences from school and nineteen tardies. Lori Kurtz ("Kurtz"), the school social worker responsible for attendance issues, contacted Rowe multiple times by phone, in person, and by letter regarding L.R.'s unexcused absences. While Rowe initially provided no explanation for L.R.'s absences, she eventually told Kurtz that L.R. had asthma. However, the "Certificate of Child's Incapacity" provided to the school by L.R.'s doctor stated the school should anticipate her to have "Regular Daily Attendance." (State's Ex. 1 at 8.)

On November 19, 2010, the State charged Rowe with Failure to Ensure School Attendance, a Class B misdemeanor. The trial court conducted initial hearings on January 31, 2011, and February 14, 2011. During the February 14, 2011 initial hearing, Rowe was presented with an "Initial Hearing Rights" form, which stated in part that:

> You have the right to a trial by jury. If you wish to have a trial by jury, you must make your request at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive your right to a trial by jury. If you want a jury trial, you must make a timely request even if

---

[1] Ind. Code §§ 20-33-2-27 & 20-33-2-44.

you do not have an attorney.

(App. at 11 and 41; Tr. at 66.) Rowe signed the form beneath a line which stated, "I have read these rights and believe that I understand them." (App. at 11 and 41; Tr. at 66.)[2]

At a hearing on March 14, 2011, Rowe asked the trial court to set a denial hearing, but made no request for a jury trial. At a hearing on July 18, 2011, Rowe asked the trial court to set a trial date, but again made no request for a jury trial. The trial court scheduled the trial for September 12, 2011, but later continued the trial to October 24, 2011. After Rowe failed to appear for a pre-trial conference on October 3, 2011, the October 24, 2011 trial date was converted to a pre-trial hearing.

A different magistrate presided over the October 24, 2011 pre-trial hearing than had presided over the previous hearings. At that hearing, Rowe orally requested a jury trial and the magistrate, stating that Rowe was entitled to a jury trial, scheduled the trial for December 12, 2011. However, on December 12, 2011, the regular magistrate denied Rowe's request for a jury trial because it had not been made prior to the first trial setting, and continued the trial until February 13, 2012.

At the conclusion of the February 13, 2012 bench trial, the trial court found Rowe guilty as charged and entered a judgment of conviction against her. During a sentencing hearing on March 12, 2012, the trial court sentenced Rowe to 120 days of probation. She now appeals.

---

[2] Rowe confirmed in open court she had signed the Initial Hearing Rights form. (Tr. at 66.) Rowe states the signed copy of her Initial Hearing Rights form was unavailable for inclusion in her Appellant's Appendix because it was lost, according to the Office Manager of the Marion County Juvenile Court. (Appellant's Br. at 2, n. 1.)

**Discussion and Decision**

Indiana Criminal Rule 22

Rowe contends she was deprived of her right to a jury trial when the trial court applied Indiana Criminal Rule 22 instead of Indiana Code section 31-32-6-7(b).

The United States and Indiana Constitutions guarantee a criminal defendant's right to due process of law. U.S. Const. amends. VI & XIV; Ind. Const. art. I, § 13; Duncan v. Louisiana, 391 U.S. 145, 147-48, 88 S. Ct. 1444, 1446-47 (1968). Among these rights, a criminal defendant has the right to a fair trial in a fair tribunal. See Everling v. State, 929 N.E.2d 1281, 1287 (Ind. 2010) ("[a] trial before an impartial judge is an essential element of due process[]"). A criminal defendant also has the right to a jury trial. See Duncan, 391 U.S. at 149, 88 S. Ct. at 1447-48; Poore v. State, 681 N.E.2d 204, 206 (Ind. 1997).

In Indiana, the right to a jury trial is further guaranteed by Indiana Code section 35-37-1-2, pursuant to which all criminal trials must be tried before a jury unless there is a joint waiver by the defendant, the prosecutor, and the trial judge. I.C. § 35-37-1-2; see also Arnold v. State, 460 N.E.2d 494, 496 (Ind. 1984). Furthermore, an adult charged with a crime arising in the juvenile code must be tried before a jury unless the adult requests a bench trial. I.C. § 31-32-6-7(b).

In misdemeanor cases, however, a defendant's right to a jury trial is not self-executing but is controlled by Rule 22. See Liquori v. State, 544 N.E.2d 199, 201 (Ind. Ct. App. 1989). Rule 22 provides that a defendant charged with a misdemeanor may demand a jury trial by filing a written demand at least ten days before the first scheduled trial date. Ind. Crim. Rule

4

22. Failure to demand a trial by jury waives a defendant's right to a jury trial "unless the defendant has not had at least fifteen (15) days advance notice of [her] scheduled trial date and of the consequences of [her] failure to demand a trial by jury." Id. We have recently held that Rule 22 applies to criminal misdemeanor charges arising from offenses set forth in the juvenile code, even if Indiana Code section 31-32-6-7(b) otherwise would apply. See Young v. State, 973 N.E.2d 643, 645-46 (Ind. Ct. App. 2012).

Here, Rowe was convicted of Failure to Ensure School Attendance, a Class B misdemeanor set forth in the juvenile code. Rowe, like the defendant in Young, argues that we should apply Indiana Code section 31-32-6-7(b) to the exclusion of Rule 22. However, the Indiana Supreme Court has the inherent power to adopt procedural rules governing the conduct of litigation in our courts, and such rules take precedence over conflicting statutes. State ex rel. Jeffries v. Lawrence Circuit Court, 467 N.E.2d 741, 742 (Ind. 1984). In misdemeanor cases, the assertion of the right to a jury trial is procedural. See Crim. R. 22. Therefore, Indiana Code section 31-32-6-7(b) notwithstanding, Rule 22 applies. See Jeffries, 467 N.E.2d at 742.

Waiver of Right to Jury Trial

Rowe contends that, even if Rule 22 applies, she did not waive her right to a jury trial under Rule 22 because she was inadequately advised of her right to a jury trial, and of the consequences of failing to demand a jury trial.

In Young, another panel of this Court held that the defendant, by signing an Initial Hearing Rights form with an advisement identical to the one here, was adequately advised of

5

the consequences of her failure to request a jury trial. 973 N.E.2d at 646. Without citation to authority, Rowe contends <u>Young</u> was incorrectly decided as to the issue of the adequacy of the advisement form.

Rowe first argues that the Initial Hearing Rights form, both here and in <u>Young</u>, is inadequate because it fails to explain that if the defendant failed to request a jury trial her trial would be before a judge instead of a jury. (Appellant's Br. at 6-8.) She in essence argues that, because of the alleged inadequacy of the advisement, she was entitled to relief from the judgment of conviction.

Rowe has the right to a trial before a fair and impartial tribunal. <u>See</u> <u>Everling</u>, 929 N.E.2d at 1287. She could have waived the right to a trial before a fair and impartial tribunal by, for example, entering a guilty plea. <u>See</u> <u>Poore</u>, 681 N.E.2d at 208 (a criminal defendant who pleads guilty waives, among other things, "the opportunity to put the prosecution to its proof, the chance to offer [her] own exculpatory evidence, and [her] right to have this evidence weighed by a neutral finder of fact[]").

Yet, a criminal defendant may choose to waive only her right to a jury trial. <u>See</u> <u>Singer v. United States</u>, 380 U.S. 24, 34, 85 S. Ct. 783, 790 (1965) ("a defendant can, . . . in some instances waive [her] right to a trial by jury[]"); <u>Dixie v. State</u>, 726 N.E.2d 257, 258 (Ind. 2000) ("[a] defendant may waive [her] right [to a trial by jury] if [s]he does so personally, intelligently, and voluntarily[]"). However, "[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." <u>Singer</u>, 380 U.S. at 34-35, 85 S. Ct. at 790. As such, a criminal defendant has no

6

absolute right to dispense with a jury trial and then avoid trial altogether. Therefore, we cannot agree that Rowe was inadequately advised because the Initial Hearing Rights form did not expressly state that if she did not request a jury trial her case would be tried solely before a judge.

Rowe next argues that the Initial Hearing Rights form, both here and in <u>Young</u>, is inadequate because it fails to specify whether the request for a jury trial must be made at least ten days before the first trial setting, or whether the request could be made at least ten days before any subsequent setting.

Rule 22 requires that a misdemeanor defendant make a demand for trial by jury "not later than ten (10) days before [her] <u>first</u> scheduled trial date." Crim. R. 22 (emphasis added). Rowe signed the Initial Hearing Rights form without the advice of counsel before the February 14, 2011 initial hearing, at the end of which the trial court appointed a public defender to represent her. (Tr. at 65-66.) The first scheduled trial date was September 12, 2011, before which she had ample opportunity to discuss with counsel whether to request a jury trial. Despite that opportunity, she made no such request. Therefore, we cannot conclude that Rowe was inadequately advised because the Initial Hearing Rights form did not expressly state that her request for a jury trial must be made at least ten days before the first trial setting.

The Initial Hearing Rights form adequately advised Rowe as to the consequences of her failure to timely request a jury trial, and she effectively waived her right to a jury trial.

<u>Magistrate Confusion</u>

Rowe contends she did not waive her right to a jury trial because of the "confusing statements" and "conflicting information" given to her by different magistrates in her case concerning her right to a jury trial. (Appellant's Br. at 8.) Here, the statements at issue were made on October 24, 2011, and December 12, 2011. (Tr. at 78-79; App. at 7-8.) However, despite the magistrates' conflicting statements, Rowe had already waived her right to a jury trial when she failed to make a request at least ten days before September 12, 2011, the first scheduled trial date. Because the magistrates' conflicting statements occurred after this waiver, her claim that the conflicting statements restored her right to a jury trial is without merit.

**Conclusion**

Rowe effectively waived her right to a jury trial, and was not unlawfully denied her right thereto.

We affirm.

VAIDIK, J., and BROWN, J., concur.