### STATE of Indiana ex rel. Jeryl GOSNELL, Relator,

v.

### The CASS CIRCUIT COURT and the Honorable Donald E.C. Leicht, Judge Thereof, Respondents.

### No. 09S00–9106–OR–429.

Supreme Court of Indiana.

Sept. 9, 1991.

ORIGINAL ACTION

GIVAN, Justice.

This case was commenced in this Court by the filing of the petition for writ of mandate to require the trial judge to grant a change of judge on a "Petition To Terminate The Parent–Child Relationship."

On June 5, 1991, this case was heard by this Court and following the hearing an alternative writ of mandamus was entered. On June 7, 1991, the trial court complied with the alternative writ and granted a change of judge. However, both parties have requested that this Court render an opinion in this case as a guideline to the bench and bar in similar cases. We accept their point as well taken.

Relator, Jeryl Gosnell, is the natural mother of five children who were taken into temporary custody by the Cass County Welfare Department on February 10, 1989 with a CHINS petition being filed on that date. The children were determined to be in need of services on March 17, 1989. On October 2, 1990, the Cass County Welfare Department filed a "Petition To Terminate The Parent–Child Relationship." On October 17, 1990, the relator filed a motion for change of judge under the automatic provision of Ind. Trial Rule 76, alleging that the termination proceeding was a new proceeding, was not a final action in the CHINS case, and that the provisions of Ind.Code § 31–6–7–9 are in conflict with T.R. 76 in that the statute requires that cause be shown for the granting of a change.

It is relator's position that the statute is contrary to T.R. 76 and thus is void, citing *State ex rel. Blood v. Gibson Cir. Ct.* (1959), 239 Ind. 394, 157 N.E.2d 475 for the proposition that this Court determines the procedure to be followed in instances of change of judge or change of venue and that the legislature establishes where there is a substantive right to such a change.

We hold that Ind.Code § 31–6–7–9 is in conflict with T.R. 76 in that the statute requires that cause be shown for the granting of a change. That provision of the statute therefore is void and of no effect and the provisions of T.R. 76 prevail.

The parties present the additional issue as to whether a petition to terminate parental rights is an integral part of a CHINS proceeding or whether it is a separate cause of action. There is no question that, as in the case at bar, many petitions to terminate the parent-child relationship grow out of a CHINS action. However, this certainly is not an inevitable result of such an action. It is entirely possible that the situation of the child requiring a CHINS intervention is of a temporary nature and in no way challenges the general competency of the parent to continue the relationship with the child.

Children in Need of Services proceedings are brought under Ind.Code § 31–6–4–3 *et seq.*, whereas proceedings to terminate the parent-child relationship are brought under Ind.Code § 31–6–5–1 *et seq.* The first paragraph of the latter statute explicitly states that the proceedings under that section are distinct from the proceedings under the CHINS statute. Under Ind.Code § 31–6–5–3, the seriousness of the termination of the parent-child relationship is noted and the rights of the parents are strictly safeguarded including the right to be represented by counsel provided by the State, if necessary, and to receive notice at all stages of the proceeding. It would be unrealistic to hold that the termination of the parent-child relationship was merely the continuing stage of the CHINS proceeding.

Although the CHINS proceeding may well lead to the necessity for termination of the parent-child relationship, that does not gainsay the fact that such a proceeding in fact is separate and of much greater magnitude as to the rights of the parties involved. We therefore hold that a proceeding for the termination of the parent-child relationship is a separate proceeding, should be separately docketed, and that the operation of T.R. 76 proceeds from that point.

Inasmuch as the trial judge has adhered to the terms of the alternative writ previously issued in this case, it is unnecessary to issue any further order to the respondent court.

DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, dissenting.

I respectfully dissent. When a petition is filed in Court to terminate the parent-child relationship involving a child who has been adjudged a delinquent child or a child in need of services, the child is already under the wing of the Court. The new petition calls for the Court to continue its old efforts to provide the child with needed support and services, this time in a new permanent family. When the child has this special court status and the issues previously decided are being brought up anew and mixed with some new issues, I would hold that the petition for termination is not a new action and consequently no new venue rights arise with respect to it. Furthermore, due in great measure to the job of the juvenile courts, the human problems dealt with there, and the fact that the statutory cause only rule has been in existence since 1978, it would be well to declare our rule amended to conform with that of the statute.

SHEPARD, C.J., concurs.