**Carol SHAW, Appellant (Respondent Below),**

v.

**SHELBY COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee (Petitioner Below).**

No. 73S01–9304–JV–443.

Supreme Court of Indiana.

April 22, 1993.

Michelle A. Barrett, Shelbyville, for appellant.

Dennis E. Harrold, Shelbyville, for appellee.

SHEPARD, Chief Justice.

Is the physician-patient privilege available in a proceeding to terminate parental rights? The Court of Appeals held that it is not. We agree.

The youngest child of Carol Shaw and Ralph Rouse, C.S., was declared a child in need of services in 1991, and the trial court made C.S. a ward of the Shelby County Department of Public Welfare. The Department eventually petitioned the court to terminate parental rights. Rouse appeared by counsel and consented to the termination. Shaw contested the termination and the matter was tried on the merits. The trial court granted the petition, and the Court of Appeals affirmed. *Shaw v. Shelby Co. DPW*, 605 N.E.2d 799 (Ind.App., 1992).

We grant transfer to consider the admissibility of testimony by physicians during termination proceedings. During the trial on the petition to terminate, the Department called Dr. Robert Pearce as a witness. Dr. Pearce had examined Shaw in connection with another case, and he also interviewed her while conducting an evaluation for this case.

Shaw objected to Pearce's testimony. She contended that her communications to Pearce were privileged under Ind.Code § 34–1–14–5 (West Supp.1992), which provide in part: "Except as otherwise permitted by statute, the following persons shall not be competent witnesses: ... Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases." Shaw recognizes that Ind. Code Ann. § 31–6–7–13(d) (West 1979) provides that the physician-patient privilege is not available in CHINS proceedings. She

contends that this latter statute does not allow the Department to call Pearce during a termination hearing, however, because the termination is a separate proceeding. This Court has so held. *State ex rel. Gosnell v. Cass Circuit Court* (1991), Ind., 577 N.E.2d 957.

Although termination proceedings are indeed separate cases from CHINS cases, the Court of Appeals correctly noted that the Code chapter on termination, Ind.Code Ann. § 31–5–5–1 (West 1979), specifically adopts the procedures used in the CHINS chapter. We read this as a legislative decision to render the physician-patient privilege unavailable in a termination proceeding. The trial court was thus correct in admitting the testimony of Dr. Pearce.

The Court of Appeals also correctly rejected Shaw's other contentions of error, and we summarily affirm their determinations on those issues. Ind.Appellate Rule 11(B)(3).

We affirm the judgment of the trial court.

DeBRULER, GIVAN and KRAHULIK, JJ., concur.

DICKSON, J., dissents with separate opinion.

DICKSON, Justice, dissenting.

At issue is the interpretation to be given Indiana Code § 31–6–7–13(d) which provides:

> Neither the physician-patient privilege nor the husband-wife privilege is grounds for excluding evidence in any proceeding in which the child is alleged to be a child in need of services.

The present proceeding is one in which the appellee seeks to terminate the appellant's parental rights with respect to a child previously adjudicated a child in need of services (CHINS). A proceeding for termination of parental rights, although an outgrowth of a CHINS proceeding, is not a continuing stage of that proceeding. Rather it is a separate proceeding. *State ex rel. Gosnell v. Cass Circuit Court* (1991), Ind., 577 N.E.2d 957, 958.

The public policy underlying the physician-patient privilege is to foster full and complete communication by patients so as to further trustful and successful treatment. *Matter of C.P.* (1990), Ind., 563 N.E.2d 1275, 1278. *See also Green v. State* (1971), 257 Ind. 244, 255, 274 N.E.2d 267, 273. With the enactment of Ind.Code § 31–6–7–13(d), the legislature created an express, limited exception to the physician-patient privilege to facilitate judicial determination of the child's status as one in need of protection or services not forthcoming from the child's family.

Once a CHINS adjudication is made, however, the juvenile court may then enter a number of dispositional decrees, including outpatient treatment for the child and the provision of family services for the parent. Ind.Code § 31–6–4–15.4. Additionally, the parent may be subject to a petition seeking required cooperation with any person providing care, treatment, or rehabilitation for the child. Ind.Code § 31–6–4–17. Among the expressly recognized policies of this state and purposes of our juvenile code is an intent "[t]o strengthen family life by assisting parents to fulfill their parental obligations." Ind.Code § 31–6–1–1(5).

To attain this legislative goal, it is thus essential that both children and parents be encouraged to provide full, unfettered information to treating physicians. By ruling that otherwise confidential physician-patient communication is subject to disclosure at a subsequent termination hearing, this Court is erecting a major disincentive to open communication contrary to the legislative preference for preservation rather than termination of the parent-child relationship.

I interpret the legislative exception to the physician-patient privilege as applicable only to a proceeding seeking an adjudication of an allegation that a child is in need of services. The statute does not extend the exception to parental rights termination proceedings, and I believe it is erroneous to do so by expansive judicial statutory interpretation.