**In the Matter of T.H., Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

**No. 67A01–0311–JV–438.**

Court of Appeals of Indiana.

June 11, 2004.

James R. Recker, Greencastle, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Respondent–Appellant T.H. ("the Juvenile") appeals from the trial court's adjudication of her as a delinquent child.

On March 14, 2003, a Wal–Mart loss prevention employee observed the Juvenile "squat down and look back and forth like she was looking to see if anybody was watching her." Tr. 32, 34. The Juvenile handled three or four wallets that were on display and then opened a black and white wallet, pulled the packaging off, and placed the packaging back on the shelf. The Juvenile then stood up, closed the wallet, and placed the wallet in her back pocket. The Juvenile walked to the front of the store, got a drink of water from a water fountain, and then proceeded to walk out of the store. The loss prevention employee followed the Juvenile out of the store and stopped her. The loss prevention employee then led the Juvenile and her mother to the loss prevention office where they waited for the police to arrive.

On May 16, 2003, the State filed a petition alleging that the Juvenile had committed a delinquent act that would be conversion if committed by an adult. At the Juvenile's initial hearing the Juvenile admitted the allegation in the petition. The trial court found that a factual basis existed, entered an adjudication of delinquency, and set the matter for a dispositional hearing.

At the dispositional hearing the Juvenile advised the trial court that she wished to withdraw her prior admission and enter a denial to the allegation. The trial court granted the Juvenile's motion, appointed counsel to represent her, and set the matter for a fact-finding hearing.

On August 13, 2003, the Juvenile filed a motion for a change of judge pursuant to Ind. Trial Rule 76(B). T.R. 76 does not require the filing of an affidavit showing cause for the change. The Juvenile, therefore, did not file an affidavit showing cause for the change. The trial court denied the motion on August 14, 2003. On August 18, 2003, prior to the start of the fact-finding hearing, the Juvenile restated her motion for change of judge, which the trial court indicated was denied. The fact-finding hearing was held after which the trial court found the Juvenile to be a delinquent. At the dispositional hearing the Juvenile was placed on probation for

twelve months, given a curfew, and was ordered to attend counseling.

This appeal ensued.

The Juvenile claims that the trial court erred when it denied her motion for change of judge. She asserts that our supreme court, in *State ex rel. Gosnell v. Cass Circuit Court*, 577 N.E.2d 957 (Ind. 1991), invalidated a former version of Ind. Code § 31–32–8–1, the juvenile code section providing for a change of judge, and replaced that provision with the requirements for T.R. 76. The State also cites to *Gosnell*, but argues that the entire juvenile code section was invalidated by the case, thus providing for the application of the Indiana Rules of Criminal Procedure.

Our supreme court found, in *Gosnell*, that a previous version of the change of judge section in the juvenile code was in conflict with T.R. 76, because the statute requires that cause be shown for the granting of a change. 577 N.E.2d at 958. The supreme court held that that provision of the statute therefore was void and of no effect and the provisions of T.R. 76 prevailed. *Id. Gosnell*, however, involved a change of judge motion in a CHINS proceeding.

Ind.Code § 31–32–1–3 provides that in cases not subject to section 1 or 2 of that chapter, the Indiana Rules of Trial Procedure apply in all matters not covered by the juvenile law. Therefore, in *Gosnell*, a CHINS matter which is not subject to Ind.Code § 31–32–1–1 or 2, the supreme court was required to analyze the conflict between the juvenile code provision and the Indiana Rules of Trial Procedure. The supreme court found that T.R. 76 prevailed. 577 N.E.2d at 958.

*Gosnell*, therefore, would not be applicable to the present case, a juvenile delinquency proceeding. Ind.Code § 31–32–1–1 provides that if a child is alleged to be a delinquent child, the procedures governing criminal trials apply in all matters not covered by the juvenile law. Ind.Code § 31–32–8–1 provides that except as provided in section 2 of that chapter, a change of judge may be granted only for good cause shown by affidavit filed at least twenty-four (24) hours before the fact-finding hearing. Ind.Crim. Rule 12(B) provides

> "[i]n felony or misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. *The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant.* The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice."

(emphasis added).

Consequently, the Juvenile was required to file an affidavit showing cause for her motion for change of judge, whether proceeding under Ind.Code § 31–32–8–1, or under Crim. R. 12(B). The provisions of T.R. 76, used by the Juvenile in the present case, are inapplicable. The trial court correctly denied the Juvenile's motion for change of judge.

The parties were notified by a copy of the Chronological Case Summary entry that the motion for change of judge had been denied. Prior to the start of the fact-finding hearing, the Juvenile's counsel reminded the judge of that motion, and clarified that the motion had been denied. The Juvenile's counsel and the trial court engaged in a discussion about the reason for the denial including the trial court's opin-

ion that the motion had been untimely filed. While the record shows that the motion may have been timely filed, there was no affidavit showing cause filed with the motion. Therefore, there was no error in the trial court's decision to deny the motion.

Affirmed.

KIRSCH, C.J., and BAKER, J., concur.